## JOSEPH FIX, JR., v. JAMES SISSUNG.

*Replevin—Value—Jurisdiction of circuit court.*

Plaintiff replevied a flock of geese in the circuit court, appraised at $8.80, and shown on the trial to be worth $9.00. The value was alleged to be $200 in the declaration; and the judgment of the circuit court, dismissing the suit for want of jurisdiction, is affirmed.

Error to Monroe. (Kinne, J.) Argued November 21, 1890. Decided December 5, 1890.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

83 MICH—36.

*Gouv. Morris* and *I. G. Humphrey,* for appellant.
*George M. Landon,* for defendant.

CHAMPLIN, C. J. The defendant found a flock of 20 geese belonging to the plaintiff, who was a neighbor, trespassing upon his field, and shut them up, and sent word to plaintiff that he must pay damages. Plaintiff tendered one dollar for damages, and demanded the geese. Defendant refused to accept one dollar, but wanted $5 for damages and 25 cents for feeding the geese. Thereupon the plaintiff sued out a writ of replevin in the circuit court for the county of Monroe, stating in his affidavit that the geese had been distrained or impounded, and were unlawfully detained. The sheriff executed the writ, and returned that he had replevied from the defendant four old geese and fifteen young ones, and one young goose was not found. The total lot replevied were appraised at $8.80.

Before pleading, the defendant moved to dismiss the writ, and set aside the proceedings, for the reason, among others, that the court had no jurisdiction. Two grounds were asserted as the basis of this motion:

1. That "geese" were not within the statute authorizing the distraining and impounding of "beasts."
2. The appraised value of the property showed that the court had no jurisdiction.

The motion was resisted, and the court denied it, for the reason that it was at that time premature. Upon the second point, he held that the plaintiff was not precluded by the appraisal, but might allege in the declaration, and prove upon the trial, that the value of the property exceeded $100. The plaintiff's counsel would not admit the value of the property to be less than $100, but exhibited a declaration which he proposed to, and after-

wards did, file, alleging the value at $200. Upon the first point, the court said he thought it clear that geese did not come within the general statutes regulating distress, impounding, and replevin of "beasts;" but, as sections 673 and 2869, How. Stat., provide that villages and townships may make regulations respecting the restraining and impounding of animals, including geese, he would be obliged to await the development of the proofs upon the trial, but if the plaintiff should fail to bring himself within the statute he should feel it his duty to dismiss the case for want of jurisdiction, and permit the plaintiff to proceed at his peril. Upon the trial, no such proof was attempted, and plaintiff offered no proof as to the value of his geese, and strenuously opposed the introduction of evidence by the defendant of their value. Such evidence was admitted by the court, and showed the value of the property replevied to be nine dollars.

It is now claimed that the circuit court had jurisdiction, because the plaintiff alleges the value to be $200. The claim is unjustifiable. The facts show that the value alleged in the declaration was made in bad faith, and was a fraud upon the court. Section 18 of Article 6 of the Constitution confers upon justices of the peace exclusive jurisdiction in civil cases to the amount of $100. While values of property depend in a large measure upon opinion, and this Court, when the value is near the limit, will not declare in all cases a want of jurisdiction, if, in good faith, the declaration alleges the value within the jurisdiction of the circuit court, nevertheless, it will not hold that jurisdiction is obtained when the fraud upon the court is apparent, as it is in this case. The circuit court had no jurisdiction of the subject-matter nor the process.

The court was right in dismissing the case, with costs, and the judgment is affirmed, with costs.

The other Justices concurred.