JACKSON CITY BANK & TRUST CO. v. FREDRICK.

1. EXECUTORS AND ADMINISTRATORS—PARTIES.

Upon death of owner title to real estate vests in devisees under his will or in heirs at law, hence special administrator which had no right, title or interest in and to property in question is not proper party plaintiff in proceedings to set aside conveyances by decedent to another and from latter to decedent and defendant as husband and wife and as joint tenants by the entireties with rights of survivorship, but heirs at law, joined as plaintiffs prior to trial, may maintain such proceedings.

2. CANCELLATION OF INSTRUMENTS—EVIDENCE—DIVORCE.

In proceedings to set aside conveyances from decedent to another and from latter to decedent and defendant as husband and wife and as joint tenants by the entireties with rights of survivorship upon ground decedent and defendant were not in fact or law husband and wife, preponderance of evidence *held*, to sustain trial court's finding that defendant's bill of complaint for divorce from former husband was filed less than two months before decree was granted (3 Comp. Laws 1929, § 12731).

3. DIVORCE—JURISDICTION—STATUTES.

Jurisdiction of divorce proceedings is special and statutory (3 Comp. Laws 1929, § 12723 *et seq.*).

4. SAME—RESIDENCE.

Residence of one who has not gained residence in this State for purpose of instituting suit for divorce adheres to place from whence such person came.

5. SAME—PARTIES.

Divorce proceedings involve, not only the status of the individual parties thereto, but the State itself is interested.

6. SAME—JURISDICTION—NONRESIDENTS.

Courts of this State ought not to exercise jurisdiction to determine marital status of citizens of another State though its courts may determine the status of its own citizens in such proceedings.

7. SAME—JURISDICTION—COURTS.

Court which has jurisdiction of divorce proceedings, of the subject matter and of the parties and proceeds to a final decree necessarily has to find all jurisdictional facts necessary to sustain that decree.

8. JUDGMENT—JURISDICTION—MISTAKE—WANT—COLLATERAL ATTACK.

Mistaken exercise of jurisdiction by court which has undoubted jurisdiction is not void and although it may be subject to a direct attack on appeal, it is not open to collateral attack, but when there is want of jurisdiction over the parties or the subject-matter, any action by the court is void and its proceedings may be questioned collaterally as well as directly.

9. SAME—JURISDICTION—COLLATERAL ATTACK.

Judgment rendered pursuant to erroneous exercise of undoubted jurisdiction is valid and binding for all purposes until set aside by proper proceeding and cannot be collaterally attacked.

10. SAME—ERROR IN EXERCISE OF JURISDICTION.

Error in determination of questions of law or fact upon which court's jurisdiction in a particular case depends is error in the exercise of jurisdiction, where the court has general jurisdiction of the cause and person.

11. SAME—JURISDICTION NOT DEPENDENT UPON CORRECTNESS OF DETERMINATION MADE.

Jurisdiction to make a determination is not dependent upon the correctness of the determination made.

12. DIVORCE—JURISDICTION.

Upon filing bill of complaint for divorce, service and return of summons issued against defendant, circuit court acquired jurisdiction of the subject matter and of the parties, where both are residents of this State so that when case came on for hearing and was heard in less than two months from filing of bill, the court had general jurisdiction of the cause but erroneously exercised it (3 Comp. Laws 1929, § 12731).

13. JUDGMENT—ATTACK.

Good faith, as well as sound public policy, demands that erroneous and voidable judgments be set aside and modified in the courts in which rendered.

14. SAME—DIVORCE—JURISDICTION.

One who accepts the benefits of a decree of divorce cannot be heard to question jurisdiction of court which rendered it.

15. SAME—COLLATERAL ATTACK—DIVORCE—CANCELLATION OF INSTRUMENTS.

Heirs at law seeking to set aside deed from decedent to another and from latter to decedent and defendant cannot collaterally attack decree of divorce between latter and former husband by court which had jurisdiction of parties and subject matter.

16. HUSBAND AND WIFE—TENANCY BY ENTIRETIES—DEEDS.

A deed to two parties who are husband and wife is sufficient to create a tenancy by the entireties whether the conveyance itself sets forth they are husband and wife or not.

17. DEEDS—HUSBAND AND WIFE—TENANCY BY ENTIRETIES—JOINT TENANCY.

Deed to two grantees as husband and wife and as joint tenants by the entireties with rights of survivorship *held*, to create joint tenancy in grantees and, upon death of man, woman took title independently of whether or not they were husband and wife, where grantees were described as "joint tenants" and "rights of survivorship" were especially mentioned (3 Comp. Laws 1929, §§ 12963–12965).

Appeal from Jackson; Simpson (John), J. Submitted April 5, 1935. (Docket No. 79, Calendar No. 38,337.) Decided May 17, 1935.

Bill by Jackson City Bank & Trust Company, as special administrator of the estate of George W. Hastings, deceased, and others against Jessie Thomas Fredrick to set aside conveyances of real estate and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Norman E. Leslie* and *Rosenburg & Painter,* for plaintiffs.

*Bisbee, McKone, Wilson, King & Kendall,* for defendant.

POTTER, C. J. Plaintiff, Jackson City Bank & Trust Company, as special administrator of the estate of George W. Hastings, deceased, filed a bill of complaint against Jessie Thomas Hastings (named in the bill of complaint as Jessie Thomas Fredericks), to set aside conveyances of real estate whereby he deeded such real estate to Nettie A. Begel, who reconveyed it to George W. Hastings and Jessie Thomas Hastings, as husband and wife and as joint tenants by the entireties, with the rights of survivorship, upon the ground George W. Hastings

and Jessie Thomas Hastings were not, in fact and in law, husband and wife, for the reason Jessie Thomas Hastings was never legally divorced from her former husband; so as to leave operative upon such real estate the last will and testament of George W. Hastings, deceased, executed April 20, 1931, and by which the real estate would pass but for such deeds.

Subsequently, Charles Hastings and Mary Griswold, heirs at law of George W. Hastings, deceased, were joined as parties plaintiff.

From a decree for defendant, plaintiffs appeal.

Upon the death of George W. Hastings, the title to his real estate vested in the devisee under his will or in his heirs at law, depending upon whether such real estate vested by will or under the statute of descent. The plaintiff, Jackson City Bank & Trust Company, had no right, title or interest in and to the real estate in question, and was not a proper party plaintiff to the bill of complaint. This question is not raised because two of the heirs at law of George W. Hastings joined in the bill of complaint prior to trial and they would, under the statute of descent, have a right to maintain the bill.

November 9, 1932, Jessie Fredrick, of the city of Jackson, filed a bill of complaint against Louis Fredrick, defendant, for divorce, upon the ground he grossly, wantonly and cruelly refused and neglected to provide plaintiff with suitable maintenance and support. Summons was issued November 9, 1932, and returned personally served upon Louis Fredrick, defendant, November 10, 1932, in the city of Jackson. Defendant did not enter his appearance in such divorce case, an order *pro confesso* was entered December 28, 1932, decree of divorce rendered January 7, 1933. It does not appear herein whether Louis Fredrick, subsequent to such divorce, remar-

ried or not.  But George W. Hastings and defendant were on October 7, 1933, married at Angola, Indiana, and continued to live together up until the time of his death July 9, 1934.

The statute provides:

"No proofs or testimony shall be taken in any case for divorce until the expiration of two months from the time of filing the bill or petition therefor." 3 Comp. Laws 1929, § 12731.

It is claimed and, if the dates above given are correct, the final decree for divorce involved was rendered two days prior to the expiration of the statutory two months' period.

Bill for divorce was filed when it was tendered to the county clerk for filing.  It is not entirely clear upon the record the bill for divorce was tendered to the county clerk for filing on November 9, 1932.  The receipt from the office of the county clerk of Jackson county for the filing fee appears to be dated November 7, 1932, although a preponderance of the evidence indicates the trial court was correct when it found the bill for divorce was not filed until November 9, 1932.

It is contended by plaintiffs the trial court had no jurisdiction to grant a decree for divorce.

Jurisdiction of divorce proceedings is special and statutory.*  Plaintiffs and appellants claim the circuit court for the county of Jackson, in chancery, had no jurisdiction of the divorce proceedings because the testimony was taken less than two months after the filing of the bill, and by reason thereof the court acquired no jurisdiction to enter decree.  There are many cases which hold that if a bill of complaint is filed on behalf of a party who has not been two years

---

* See 3 Comp. Laws 1929, § 12723 *et seq.*—REPORTER.

a resident of the State, the court does not acquire jurisdiction. If the party has not gained a residence in the State of Michigan for the purpose of instituting suit for divorce, their place of residence has not been changed to Michigan, but their residence adheres to the place from whence they came. Divorce proceedings involve, not only the status of the individual parties thereto, but the State itself is interested. The courts of this State ought not to exercise jurisdiction to determine the marital status of citizens of another State, though its courts may determine the status of its own citizens in such proceedings.

Both of the parties to the divorce proceedings lived in the State of Michigan. Upon the filing of the bill of complaint and the issuance and service of a summons, the trial court acquired jurisdiction of the parties and of the subject-matter of the suit. If the trial court had jurisdiction of the proceedings, of the subject-matter, and of the parties, and proceeded to a final decree, it necessarily had to find all jurisdictional facts present necessary to sustain the decree.

There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases.

When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more

value than as though they did not exist.   But in cases
where the court has undoubted jurisdiction of the
subject matter, and of the parties, the action of the
trial court, though involving an erroneous exercise
of jurisdiction, which might be taken advantage of
by direct appeal, or by direct attack, yet the judg-
ment or decree is not void though it might be set
aside for the irregular or erroneous exercise of juris-
diction if appealed from.   It may not be called in
question collaterally.

There is nothing to indicate that both George W.
Hastings and defendant did not act in good faith
and upon the supposition that defendant was legally
divorced from her former husband prior to her mar-
riage with George W. Hastings, now deceased.   De-
fendant's former husband, Fredrick, never ques-
tioned the legality of the divorce.   No appearance
was entered upon his part in the divorce proceeding.
No contest was made.   No appeal was taken.   Ap-
parently, he acquiesced in the validity of the decree,
and permitted the time for appeal to elapse; and is
not here at this time as a party plaintiff or defend-
ant complaining of the invalidity of such divorce
proceedings.

"Want of jurisdiction must be distinguished from
error in the exercise of jurisdiction.   Where juris-
diction has once attached, mere errors or irregulari-
ties in the proceedings, however grave, although they
may render the judgment erroneous and subject to
be set aside in a proper proceeding for that purpose,
will not render the judgment void, and until set aside
it is valid and binding for all purposes and cannot be
collaterally attacked.   Error in the determination of
questions of law or fact upon which the court's juris-
diction in the particular case depends, the court hav-
ing general jurisdiction of the cause and the person,

is error in the exercise of jurisdiction. Jurisdiction to make a determination is not dependent upon the correctness of the determination made.'' 33 C. J. pp. 1078, 1079.

Upon the filing of the bill and the service and return of the summons issued against the defendant therein, the trial court had jurisdiction of the subject matter, and of the parties. When the case came on for hearing, the circuit court for the county of Jackson, in chancery, had general jurisdiction of the cause, and of the persons. If anything affecting jurisdiction occurred in that court, it constituted an error in the exercise of jurisdiction and was not a result of a want of it.

Good faith, as well as sound public policy, demands that erroneous and voidable judgments be set aside and modified in the courts in which they are rendered. *Morgan* v. *Fidelity & Deposit Co. of Maryland,* 66 Wash. 649 (120 Pac. 106, 38 L. R. A. [N. S.] 292).

One who accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction of the court which rendered it. *Mohler* v. *Shank's Estate,* 93 Iowa, 273 (61 N. W. 981, 34 L. R. A. 161, 57 Am. St. Rep. 274); *Marvin* v. *Foster,* 61 Minn. 154 (63 N. W. 484, 52 Am. St. Rep. 586).

Plaintiffs cannot collaterally attack the decree of divorce rendered between defendant and her former husband.

''Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of which respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter.'' 3 Comp. Laws 1929, § 12963.

"All grants and devises of lands, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." 3 Comp. Laws 1929, § 12964.

"The preceding section shall not apply to mortgages, nor to devises or grants made in trust, or made to executors, or to husband and wife." 3 Comp. Laws 1929, § 12965.

The deed from Nettie A. Begel to George Hastings and Jessie Thomas Hastings, dated October 9, 1933, describes the grantees as husband and wife and as joint tenants by the entireties. A deed to two parties, who are husband and wife, is sufficient to create a tenancy by the entireties, whether the conveyance itself sets forth they are husband and wife or not. Independent of whether or not the parties to the conveyance in question, George Hastings and Jessie Thomas Hastings, were husband and wife, the deed is sufficient to convey the property to them as joint tenants and, under the statutes of this State, the survivor, in case real estate is deeded and held in joint tenancy, takes title to it.

The deed in question names the grantees therein, George Hastings and Jessie Thomas Hastings, as joint tenants by the entireties, with the rights of survivorship, evidencing the fact the parties at the time of the acceptance of this deed regarded themselves as husband and wife, and as taking the property as tenants by the entireties.

The important thing which seemed to have been in the minds of the parties was that the right of the survivor to take the property should be established, and, to that end, the scrivener described the parties as "joint tenants," to which the right of survivor-

ship was a necessary incident. He also named them as "husband and wife," from which the right to title by survivorship necessarily followed if the grantees were husband and wife. He also described them as "tenants by the entireties," in which case the survivor would be entitled to take the entire property. He especially mentioned the "rights of survivorship," indicating the paramount purpose of the parties in the execution and acceptance of the deeds in question was to fix and establish the right of the survivor to take title to the entire property.

It will not be held the divorce of the defendant from her former husband was a nullity, and that defendant, who filed the petition to administer the estate of the deceased, was no widow, but only a bereaved concubine. *McLeod* v. *McLeod,* 144 Ga. 359 (87 S. E. 286).

The trial court arrived at a correct conclusion. Decree affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with POTTER, C. J.

WIEST, J. (*concurring*). I concur on the ground that the court had jurisdiction of the subject matter and the parties in the divorce case, and the validity of the decree is not open to collateral attack.