# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

150298

_____

*In re* Contempt of KELLY MICHELLE DORSEY.
_____

PEOPLE OF THE STATE OF MICHIGAN,
       Petitioner-Appellee,

v

TYLER MICHAEL DORSEY,
       Respondent,

and

KELLY MICHELLE DORSEY,
       Appellant.

_____/

SC: 150298
COA: 309269
Livingston CC Family Division:
08-012596-DL

      By order of December 23, 2015, the application for leave to appeal the September 9, 2014 judgment of the Court of Appeals was held in abeyance pending the decision in *In re Jones* (Docket No. 152595). On order of the Court, the order granting leave to appeal having been vacated in *In re Jones*, 499 Mich 862 (2016), the application is again considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other action. MCR 7.305(H)(1). The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether the family court lacked subject matter jurisdiction to issue the order compelling the appellant to submit to random drug testing as part of her son's juvenile delinquency proceeding, see MCL 712A.6; *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544-545 (1935); (2) whether Michigan recognizes any other exceptions to application of the collateral bar rule, including (a) lack of opportunity for meaningful appellate review of the January 14, 2011 drug testing order; or (b) the appellant's irretrievable surrender of constitutional guarantees by complying with the drug testing order, see *Maness v Meyers*, 419 US 449; 95 S Ct 584; 42 L Ed 2d 574 (1975); and (3) whether the appellant has properly preserved question (2) for appellate review. The parties should not submit mere restatements of their application papers or their previously filed supplemental briefs.

Persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2016



Clerk

p0525