*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAYLOR MADISON, a Minor, by her Next
Friend, LATRESE DICKENS,

        Plaintiff-Appellee,

v

AAA OF MICHIGAN,

        Defendant-Appellant.

UNPUBLISHED
September 26, 2019

No. 342868
Wayne Circuit Court
LC No. 17-011570-AV

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

This case began in 2010, when plaintiff filed a complaint in district court seeking first-party no-fault benefits. She alleged that the amount in controversy did not exceed $25,000. But plaintiff's proofs far exceeded that amount, precipitating defendant's challenge to the district court's jurisdiction. Ultimately the case reached our Supreme Court, which reaffirmed the long-standing principle that jurisdiction is determined by the amount alleged in the pleadings rather than the actual proofs. The Supreme Court remanded the matter to the district court "for further proceedings."

There, defendant sought relief from judgment, insisting that plaintiff pleaded an artificially deflated measure of damages in bad faith, thereby ousting the district court of jurisdiction. The district court agreed but the circuit court reversed, concluding that the law-of-the-case doctrine precluded any jurisdictional review. We affirm for a different reason: defendant's "bad faith" claim comes too late.

## I. FACTUAL BACKGROUND

Almost a decade ago, plaintiff filed a complaint in the district court seeking payment of attendant care benefits. Her complaint alleged damages in the amount of $25,000, the jurisdictional maximum, yet her proofs totaled $144,480, an amount far exceeding the jurisdictional limit. The jury returned a non-unanimous verdict for plaintiff in the amount of $42,280. In November 2011, the parties stipulated to the entry of a judgment for $25,000.

-1-

*Madison v AAA of Mich*, unpublished per curiam opinion of the Court of Appeals, issued March 13, 2014 (Docket No. 312880), slip op at 1-2 (*Madison I*).

One month after judgment entered, defendant filed an unsuccessful motion for judgment notwithstanding the verdict or transfer to the circuit court. Defendant claimed an appeal in the circuit court, asserting that the district court lacked jurisdiction because the amount in controversy exceeded $25,000. The circuit court rejected this argument. This Court granted defendant's application for leave to appeal and in 2014, we vacated the judgment on subject-matter jurisdiction grounds. See *Madison I*.

Plaintiff appealed our ruling to the Supreme Court, where the case pended in abeyance of a decision in *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016). *Hodge* is virtually identical to this case and was filed by the same attorney, Michael Fortner. The plaintiff in *Hodge* brought suit in district court to recover no-fault benefits against her no-fault insurer. *Id*. at 214. Her complaint sought damages not in excess of the district court's $25,000 jurisdictional limit, but at trial she presented damage proofs exceeding $150,000. *Id*. The jury returned of verdict of $85,957, which the district court reduced to $25,000. *Id*. On appeal, the defendant argued that because the amount in controversy exceeded $25,000, the district court was divested of subject-matter jurisdiction. *Id*. The Supreme Court disagreed, holding that "a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest." *Id*. at 223-224.[1] Therefore, the Court explained, it was irrelevant that the plaintiff presented proofs in excess of the $25,000 limit at trial. *Id*. at 224.

Defendant's current claim that "bad faith pleading" destroyed the district court's jurisdiction derives from *Hodge*. A footnote in that case dangled the possibility that bad faith in pleading damages might give rise to a successful jurisdictional challenge:

> This Court has held that a court will not *retain* subject-matter jurisdiction over a case "when . . . fraud upon the court is apparent" from allegations pleaded in bad faith. *Fix v Sissung*, 83 Mich 561, 563; 47 NW 340 (1890). In *Fix*, this Court dismissed the plaintiff's suit as being brought in bad faith because the amount claimed was "unjustifiable" and could not be proved. *Id*. However, beyond that holding, our cases give no indication of what would constitute bad faith sufficient to oust the court of jurisdiction. The Court of Appeals seemed concerned with plaintiffs filing in district court knowing that provable actual damages exceeded the $25,000 jurisdictional limit. . . . We question, but do not decide, whether a fully-informed plaintiff acts in bad faith by filing a claim in district court, thereby limiting his own recovery to $25,000. In this case, defendant made no allegation of bad faith in the pleadings, and there has been no finding of bad faith by the district court. [*Id*. at 222 n 31 (emphasis added, first alteration in original).]

---

[1] The amount of recovery is also limited to the $25,000 amount in controversy pleaded in the complaint. See *Hodge*, 499 Mich at 221-222 n 30.

And in a single sentence located within the penultimate paragraph of the majority opinion the Court added, "Because there were no allegations, and therefore no findings, of bad faith in the pleadings, the district court had subject-matter jurisdiction over the plaintiff's claim." *Id*. at 224.

Defendant seized on the Supreme Court's "bad faith" ruminations when this case returned to the district court on remand in 2016, promptly filing a motion for relief from the November 2011 judgment based on plaintiff's "bad faith" in pleading an amount of damages that plaintiff knew would be exceeded by its proofs. Defendant's motion invoked MCR 2.612(C)(1)(d), which permits a court to grant relief when "[t]he judgment is void."

Factually, defendant's "bad faith" claim rests on statements made by an attorney other than Mr. Fortner during a 2013 motion hearing in an unrelated case. That attorney characterized Mr. Fortner's decision to litigate in district court as a "strategy" based on the differences in "jury composition" between the district and circuit courts. In the district court, the totality of defendant's argument in support of relief from judgment was as follows: "In sum, Plaintiff's attorney routinely pleads damages within this Court's jurisdictional limit in order to litigate in this Court cases which should be litigated in the Wayne County Circuit Court. As *Hodge* points out, such a pleading is in bad faith." Plaintiff replied that the Supreme Court order precluded the district court from considering whether it lacked jurisdiction.[2]

The district court decided that the Supreme Court's order reinstating the November 3, 2011 judgment did not bar consideration of defendant's motion because the issue of subject-matter jurisdiction may be raised at any time. Relying primarily on Justice MARKMAN's concurrence in *Hodge*, the district court found that plaintiff's pleading was brought in bad faith and dismissed the case with prejudice.

Plaintiff claimed another appeal to the circuit court. At the hearing, plaintiff argued that legal questions decided by an appellate court may not be differently decided upon remand. Counsel asserted that the law-of-the-case doctrine foreclosed defendant's jurisdictional argument. Defendant countered that the law-of-the-case doctrine was inapplicable because the appellate courts did not address the question of bad faith.

---

[2] The Supreme Court's order of remand reinstated the judgment and remanded "for further proceedings:"

> By order of February 4, 2015, the application for leave to appeal the March 13, 2014 judgment of the Court of Appeals was held in abeyance pending the decision in *Hodge v State Farm Mut Auto Ins Co* (Docket No. 149043). On order of the Court, the case having been decided on June 6, 2016, the application and motion for peremptory reversal are considered. In light of our opinion in *Hodge*, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, reinstate the November 3, 2011 judgment entered in the 36th District Court, and remand this case to the district court for further proceedings. [*Madison v AAA of MI*, 500 Mich 861 (2016).]

-3-

The circuit court determined that the law-of-the-case doctrine barred the district court from overruling the Supreme Court on the issue of subject-matter jurisdiction. Defendant's argument that the district court could revisit the issue of subject-matter jurisdiction was counterintuitive, the circuit court explained, because *Hodge* had definitively resolved that the district court had jurisdiction. The "further proceedings" contemplated by the Supreme Court were only those necessary to carry out its order. The circuit court ruled that although subject-matter jurisdiction may be raised at any time, it could not be raised by a lower court where the Supreme Court already had decided the issue. The circuit court also rejected the district court's finding of bad faith because the district court relied on hearsay evidence from a separate case and without an evidentiary hearing.

Defendant successfully sought leave to appeal in this Court. *Madison v AAA of Mich*, unpublished order of the Court of Appeals, issued August 9, 2018 (Docket No 342868).

II. ANALYSIS

Defendant argues that the law-of-the-case doctrine did not bar the district court from granting relief from judgment based on plaintiff's alleged bad faith in pleading her damages. We review the application of the law-of-the-case doctrine and interpret the language of a court rule de novo as questions of law. *Spine Specialists of Mich, PC v State Farm Mut Auto Ins Co*, 317 Mich App 497, 500; 894 NW2d 749 (2016); *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008).

*Hodge*'s suggestion that pleading in "bad faith" might jeopardize jurisdiction stems from the Supreme Court's 1890 opinion in *Fix*, 83 Mich 561. That replevin dispute involved the price of a flock of 20 geese. *Id*. at 562. After the defendant seized the geese, the plaintiff offered $1 for their return. *Id*. And once the sheriff freed the birds, the flock was appraised at $8.80. *Id*. The plaintiff filed an action in the circuit court seeking $200, despite that exclusive jurisdiction vested in justices of the peace when the amount in controversy was less than $100. *Id*. at 562-563. The Supreme Court acknowledged that the "value[] of property depend[s] in a large measure upon opinion." *Id*. at 563. When the value approaches that jurisdictional limit, the Court advised that it would refrain from declaring "a want of jurisdiction, if, in good faith, the declaration alleges the value within the jurisdiction of the circuit court[.]" *Id*. But jurisdiction is not obtained, the Court held, "when the fraud upon the court is apparent, as it is in this case." Therefore, "[t]he circuit court had no jurisdiction of the subject-matter nor the process." *Id*.

Post-*Hodge*, this Court has published one case addressing the "bad faith pleading" mechanism for challenging a court's subject matter jurisdiction. In *The Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 712; 909 NW2d 890 (2017), the plaintiff filed its case in the circuit court but it was undisputed that the plaintiff's damages did not come close to reaching the circuit court's jurisdictional limit. Citing *Hodge*, this Court held that "bad faith exists when a plaintiff's claim to damages in the pleadings are 'unjustifiable' because they 'could not be proved.' " *Id*. at 718.

Like *Fix*, *The Meisner Law Group* involved bad faith that arose from pleading an *inflated* amount of damages. The two cases share a second similarity. In both, the actual amount of recoverable damages was undisputed and unmistakably below the jurisdictional limit of the

-4-

circuit court. The plaintiff's prayer for damages in an amount in excess of what a jury could ever possibly return was a fraud, the courts held, because the plaintiff had knowingly misrepresented material facts.

This case is different. Here, the plaintiff claimed that attendant care had been provided for a certain amount of time (24 hours per day for approximately 15 months), and sought compensation at a rate of $14 an hour. *Madison I,* slip op at 1. Affidavits attesting to these facts were submitted to the defendant before trial; defendant elected to try the question of damages to the jury. *Id.* The non-unanimous jury awarded damages for 12 hours per day at a rate of $8 per hour. *Id.* at 1 n 3. Given these findings, plaintiff's request for damages within the jurisdictional limit of $25,000 was not an obvious or an irrefutable misrepresentation of the amount that might be recovered in a jury trial. Plaintiff's proofs substantiated damages of more than $25,000, but that hardly proves that the case was definitively and indisputably *worth* an amount in excess of that figure. Had it been so clear, we question why defendant failed to offer judgment for $25,000, thereby ending the litigation.

But in the end, whether a court could ultimately find bad faith after conducting an evidentiary hearing does not matter, because defendant waited far too long to make this claim.

MCR 2.612(C)(1) sets forth the possible grounds for relief from judgment, and subsection (C)(2) provides the time limits that accompany those grounds:

**Grounds for Relief From Judgment.**

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. Except as provided in MCR 2.614(A)(1), a

-5-

motion under this subrule does not affect the finality of a judgment or suspend its operation.

Defendant relies on MCR 2.1612(C)(1)(d), which permits a court to set aside a void judgment. Defendant's appellate brief asserts that "[p]laintiff's deliberately pleading a false jurisdictional amount in order to litigate a circuit court case in district court constitutes 'bad faith' pleading within the exception recognized in *Hodge*," rendering the judgment "void."

In *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544; 260 NW 908 (1935), our Supreme Court described a "void" judgment as follows: "When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly." "Void" judgments flow from cases in which the court "ha[d] no power to adjudicate at all." *Id*. Such judgments are different and distinct from those in which the court had "undoubted jurisdiction of the subject matter" and the parties at the outset, but continued to exercise that jurisdiction "erroneous[ly]." *Id*. at 545. In those cases, jurisdiction could be challenged "by direct appeal, or by direct attack." *Id*.

This case falls into *Jackson*'s second category of cases in which "undoubted jurisdiction" may be have been mistakenly exercised. Such cases are not void for lack of jurisdiction. *Id*. at 544. Rather, when jurisdiction is arguably improper, a litigant must assert a jurisdictional challenge in the trial court, or on direct appeal. See *Buczkowski v Buczkowski*, 351 Mich 216, 221; 88 NW2d 416 (1958) (quotation marks and citation omitted) ("The failure to distinguish between 'the erroneous exercise of jurisdiction' and 'the want of jurisdiction' is a fruitful source of confusion and errancy of decision.").

Viewed through that lens, there is no merit in defendant's claim that the judgment entered in 2011 is "void." Jurisdiction undoubtedly attached when plaintiff filed her complaint seeking damages in an amount within the statutory limits for the district court. The district court had the power to enter judgment on the jury's verdict. The question of bad faith goes to whether the court should have *retained* jurisdiction, not whether it existed in the first place. See *Hodge*, 499 Mich at 222 n 31 (emphasis added, alteration in original) ("This Court has held that a court will not *retain* subject-matter jurisdiction over a case 'when . . . fraud upon the court is apparent' from allegations pleaded in bad faith."). Any error in determining whether to retain jurisdiction in the face of possible bad faith is not equivalent to acting without jurisdiction at all. Accordingly, we reject defendant's claim that the judgment in this case is "void" for lack of jurisdiction.

Federal caselaw buttresses our view. The language of FR Civ P 60(b)(4) mirrors MCR 2.612(C)(1)(4); both permit relief from judgment when the judgement is "void." And federal common law, like Michigan's, permits a court to declare a judgment "void" if the court rendering it lacked personal or subject-matter jurisdiction, and to grant relief from judgment on that ground. "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v Leonard*, 431 F3d 410, 412 (CA 4, 2005). The reach of Rule 60(b)(4) is short. Citing Moore's Federal Practice and cases from several other federal circuit courts of

appeal, *Wendt* explained that "[t]he concept of a void judgment is extremely limited," and "a federal court judgment is almost never void because of lack of federal subject matter jurisdiction." *Id*. at 412-413 (citations omitted).

> [W]hen deciding whether an order is "void" under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the " 'rare instance of a clear usurpation of power.' " . . . A court plainly usurps jurisdiction "only when there is a 'total want of jurisdiction' and no arguable basis on which it could have rested a finding that it had jurisdiction." . . . ; see also *In re G A D, Inc*, 340 F3d 331, 336 (CA 6, 2003) ("Other circuits have determined . . . that a Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was so glaring as to constitute a total want of jurisdiction, or no arguable basis for jurisdiction existed.") (citations and internal quotation marks omitted); *Gschwind v Cessna Aircraft Co*, 232 F3d 1342, 1346 (CA 10, 2000) ("There must be 'no arguable basis on which [the court] could have rested a finding that it had jurisdiction.' " . . .). "[A]n 'error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction.' " *Gschwind*, 232 F3d at 1346-1347 . . . . [*Wendt*, 431 F3d at 413.]

In *United Student Aid Funds, Inc v Espinosa*, 559 US 260, 270; 130 S Ct 1367; 176 L Ed 2d 158 (2010), the United States Supreme Court highlighted that "a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Espinosa* arose from a bankruptcy case. The debtor filed a plan to discharge his student loan debt but failed to commence a legally prerequisite "adversary proceeding" at which he would be obligated to show "undue hardship." *Id*. at 263-264. Despite this omission, the bankruptcy court confirmed a plan discharging the student loan debt. The creditor received proper notice of the plan, but did not object or appeal. *Id*. at 264. Years later, the creditor sought relief from the judgment under Rule 60(b)(4), asserting that it was void because it had been issued in violation of the bankruptcy code and bankruptcy rules mandating an "adversary proceeding." *Id*.

The Supreme Court rejected the creditor's argument, and in so doing described just how narrowly Rule 60(b)(4) applies. The rule sets forth "an exception to finality," the Court began, and operates "under a limited set of circumstances." *Id*. at 269-270 (quotation marks and citations omitted). "[A] void judgment "is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id*. at 270. But "[t]he list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id*.

The Supreme Court highlighted that "[a] judgment is not void simply because it is or may have been erroneous." *Id*. (quotation marks and citations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271. Reviewing caselaw, the Supreme Court pointed out that federal courts generally reserve relief under Rule 60(b)(4) "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id*. And the Court emphasized that "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *Id*. at 275.

The defect underlying the creditor's claim in *Espinosa* was not jurisdictional; the Supreme Court characterized the error as procedural. *Id*. at 271-272. Here, defendant's characterization of its bad faith pleading argument as "jurisdictional" is inapt, as bad faith pleading did not divest the district court of subject-matter jurisdiction. Merely by invoking the word "jurisdiction," defendant cannot transform its claim of pleading malfeasance into a basis for relief under MCR 2.612(C)(4). We take heed from *Espinosa*—voidness on jurisdictional grounds is "rare." *Id*. at 271. It does not exist here.

In our view, the gravamen of defendant's motion for relief from judgment is not that the judgment is void for lack of jurisdiction, but that plaintiff's counsel misrepresented, in bad faith, the amount in controversy. A motion for relief from judgment premised on fraud, misrepresentation, or other misconduct is embodied in MCR 2.612(C)(1)(c). Under this subsection of the court rule, a motion for relief from judgment must be brought "within one year after the judgment . . . was entered." MCR 2.612(C)(2). The rule brooks no exceptions. Therefore, the one-year period continues to run even while a case is pending on appeal. See also 3 Dean & Longhofer, Michigan Court Rules Practice (4th ed), § 2612.20, p 521. Here, the one-year period expired in November 2012, one month after this Court granted defendant's initial application for leave to appeal. Defendant is therefore barred from raising that issue now.

We affirm.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle