# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 11, 2021

160606

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

DANIEL C. KROLCZYK and JONI KROLCZYK,
    Plaintiffs-Appellants,

v                                                          SC:  160606
                                                           COA:  343996
                                                           Oakland CC:  2017-158920-AV

HYUNDAI MOTOR AMERICA and BILL
MARSH HYUNDAI, LLC,
        Defendants-Appellees.

_____/

On April 7, 2021, the Court heard oral argument on the application for leave to appeal the October 17, 2019 judgment of the Court of Appeals.  On order of the Court, the application is again considered.  MCR 7.305(H)(1).  In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, REINSTATE the March 24, 2017 judgment of the 46th District Court, and REMAND this case to the district court for further proceedings.

The Court of Appeals erred by concluding that the district court in this case lacked subject-matter jurisdiction over the action where the parties jointly stipulated in good faith to an amount in controversy less than $25,000.  "[I]n civil actions where no other jurisdictional statute applies, the district court is limited to deciding cases in which the amount in controversy does not exceed $25,000."  *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 216 (2016).  The general rule is that "in its subject-matter jurisdiction inquiry, a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings . . . ."  *Id*. at 223.  However, this Court has recognized that the amount in controversy alleged in a plaintiff's pleading does not govern a court's subject-matter jurisdiction if the amount in controversy alleged is " 'unjustifiable' " and "could not be proved."  *Id*. at 222 n 31, quoting *Fix v Sissung*, 83 Mich 561, 563 (1890).  Where the parties jointly stipulate in good faith to an amount in controversy and the court accepts that stipulation, it is binding on the parties and the court.  Cf. *Dana Corp v Employment Security Comm*, 371 Mich 107, 110 (1963) ("[O]nce stipulations have been received and approved they are sacrosanct.  Neither a hearing officer nor a judge may thereafter alter them.").[1]  Accordingly, a joint stipulation in good faith to an amount in

---

[1] A joint stipulation to the amount in controversy does not contradict the well-established proposition that "[p]arties cannot give a court jurisdiction by stipulation where it otherwise would have no jurisdiction."  *Bowie v Arder*, 441 Mich 23, 56 (1992).  The parties here did not stipulate to giving the court jurisdiction by, for example, stipulating that the district court could try a case where the amount in controversy was more than

controversy that has been approved by the court necessarily governs a court's subject-matter jurisdiction, as any pleading that contradicts such a joint stipulation is " 'unjustifiable' " and "[can]not be proved."[2]

Plaintiffs in this case originally filed a complaint in the circuit court alleging an amount in controversy in excess of $25,000. After defendants rejected a case evaluation award of $14,000 to plaintiffs, the parties filed a stipulation in the circuit court that the amount in controversy was less than $25,000 and requested that the case be transferred to the district court pursuant to MCR 2.227. The circuit court accepted that stipulation and granted the motion to transfer the case, effectively depriving the circuit court of subject-matter jurisdiction over the action and vesting subject-matter jurisdiction over the action in the district court. The failure of the parties to explicitly stipulate to an appropriate amendment of the complaint when they requested that the circuit court transfer the case to the district court, as required by Administrative Order No. 1998-1, 457 Mich lxxxv-lxxxvi (1998), did not deprive the district court of subject-matter jurisdiction over the

---

$25,000. Rather, the parties stipulated in good faith that the amount in controversy was less than $25,000 and therefore they proceeded with the understanding that the case fell within the district court's jurisdiction. We are aware of no authority that would preclude the parties from entering a good-faith stipulation to the amount in controversy. To the contrary, where parties indisputably have the authority to stipulate to an appropriate amendment of the complaint to allege an amount in controversy that is within the district court's jurisdiction, see Administrative Order No. 1998-1, 457 Mich lxxxv-lxxxvi (1998), we see no reason why the parties' good-faith stipulation to an amount in controversy would be ineffective merely because it was not accompanied by a stipulation to amend the complaint.

[2] *Hodge*, 499 Mich at 222 n 31, quoting *Fix*, 83 Mich at 563. Plaintiffs assert that the parties believed in good faith when they stipulated to the amount in controversy that plaintiffs' recovery would not exceed the district court's jurisdictional limit, and defendants do not dispute that assertion. Moreover, the parties' stipulation as to the amount in controversy was not contradicted by other facts in the record at the time the stipulation was entered. See *People v Meloche*, 186 Mich 536, 539-540 (1915). Rather, this stipulation was supported by the $14,000 award given at case evaluation. That the proofs at trial ultimately supported a recovery for plaintiffs in excess of the district court's jurisdictional limit does not mean that the parties lacked a good-faith basis for stipulating before trial to an amount in controversy less than $25,000, nor did this fact deprive the district court of subject-matter jurisdiction over the action. Cf. *Hodge*, 499 Mich at 224. Accordingly, we do not address here whether a court has subject-matter jurisdiction if the parties knowingly stipulate to an unjustifiable amount in controversy in order to provide that court with subject-matter jurisdiction where it otherwise would not possess subject-matter jurisdiction over that action.

action.  Assuming that the circuit court should not have transferred the case pursuant to AO 1998-1 without an express stipulation to an appropriate amendment of the complaint, any error in granting the transfer without such a stipulation was a procedural error that defendants waived by failing to challenge the transfer within a reasonable time after it occurred.  See *Brooks v Mammo*, 254 Mich App 486, 494 (2002).  Moreover, plaintiffs' failure to amend the pleadings before or immediately after the transfer was ordered did not deprive the district court of subject-matter jurisdiction, as the complaint's allegation of an amount in controversy above $25,000 was unjustifiable in light of the legally binding stipulation to an amount in controversy less than $25,000.  The district court therefore had the authority to allow plaintiffs to amend their complaint to allege an amount in controversy consistent with the parties' joint stipulation before entering judgment in their favor.  See MCR 2.118(A)(2); MCL 600.2301.[3]

In sum, the parties' good-faith joint stipulation to an amount in controversy less than $25,000 vested the district court with subject-matter jurisdiction over the action, as plaintiffs' pleading alleging an amount in controversy more than $25,000 was unjustifiable in light of that stipulation.  Moreover, defendants waived any error that may have occurred when the circuit court transferred the case to the district court without an express stipulation to an appropriate amendment of the complaint.  Finally, because the district court had subject-matter jurisdiction upon the parties' good-faith joint stipulation to the amount in controversy, it possessed the authority to allow plaintiffs to amend their complaint after the jury's verdict but before the entry of judgment.  Accordingly, the district court had subject-matter jurisdiction over the action and had the authority to enter judgment in plaintiffs' favor.

CLEMENT, J. (*concurring*).

I support the outcome reached by the Court in this case.  But I disagree with much in the Court's order, primarily the assertion that parties can stipulate to a court's subject-matter jurisdiction.  See *Bowie v Arder*, 441 Mich 23, 56 (1992) ("Parties cannot give a court jurisdiction by stipulation . . . .").  And even if the parties could stipulate to subject-matter jurisdiction, the *ad damnum* clause is not a fact about the world, and so I doubt it can be the subject of a stipulation.  I further share Justice ZAHRA's concern about the Court's needless extension of the so-called "bad-faith exception."  See *post* at 8-9.  But I do agree with a fleeting statement in the Court's order:  the trial court "possessed the authority to allow plaintiffs to amend their complaint after the jury's verdict but before the entry of judgment."  *Ante* at 3.  Below I explain why this statement resolves the case in plaintiffs' favor.

---

[3] Defendants argue only that the trial court erred in amending the complaint because it lacked subject-matter jurisdiction over the action; they do not argue that, assuming the court had such jurisdiction, the court erred by amending the complaint before the judgment was entered.

Under MCR 2.118(A)(2), "a party may amend a pleading only by leave of the court." We have emphasized that leave "should be freely given" and "denied only for particularized reasons." *Miller v Chapman Contracting*, 477 Mich 102, 105 (2007) (per curiam); accord *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 656 (1973) ("A motion to amend ordinarily should be granted . . . ."). But after the start of trial our rules sometimes impose "strict requirements for amending a pleading." *Dacon v Transue*, 441 Mich 315, 333 (1992). Those "strict requirements" are triggered by MCR 2.118(C)(2)— if "evidence is objected to at trial on the ground that it is not within the issues raised by the pleadings," the leave-seeking party must show "that the amendment and the admission of the evidence would not prejudice the objecting party." The present case doesn't involve such an evidentiary objection.

It follows from the above that a party faces an uphill battle when it appeals from a judgment on the basis that the trial court mistakenly allowed amendment of the pleadings. But that battle is winnable here, defendants contend, because plaintiffs' amendment was necessary to bring their complaint within the district court's jurisdiction. See, e.g., *ante* at 2 n 2. In particular, the complaint initially filed in the district court contained an *ad damnum* clause seeking over $25,000, putting the case quite clearly outside the district court's subject-matter jurisdiction. See MCL 600.8301(1).

If society's laws were like physical laws, the district court here would have faced a paradox—would exercise of the court's power "unravel the very fabric of the space-time continuum"? *Back to the Future Part II* (Amblin Entertainment and Universal Pictures 1989). But our laws, thankfully, resist paradox, and even when a court lacks subject-matter jurisdiction, it can exercise a residuum of power, for example to inspect its subject-matter jurisdiction, to enlist the parties' aid in that inspection, and generally to administer the case. When it turns out that subject-matter jurisdiction is lacking and amendment would be futile (e.g., because the court lacked competence to consider the claim), that residuum clearly includes the power to dismiss. See *Fox v Bd of Regents of the University of Michigan*, 375 Mich 238, 242-243 (1965) (circuit court required to dismiss where claim could be heard only in court of claims). And when subject-matter jurisdiction is lacking because of a curable defect in the pleadings, that residuum includes the power to grant leave to amend the pleadings to cure that defect. See *Lehman v Lehman*, 312 Mich 102, 106 (1945) (circuit court lacks jurisdiction to grant a divorce judgment when the parties reside outside the county in which the divorce was filed but "[f]ailure to allege residence in the county could be cured by amendment"); see also MCL 600.2301.

The present case is one where the district court's subject-matter jurisdiction was lacking based on a curable defect in the pleadings. Without amendment, that defect prevented the district court from entering an enforceable judgment on the merits. But, unlike in *Fox*, the defect did not implicate the court's competence and so amendment

would not be futile. Because our law allows liberal amendment of pleadings, with no exception applicable here, see MCL 600.2301, MCR 2.118, the defective prayer for relief could be, and was, amended, making the district court's judgment a proper exercise of its power.

For these reasons, I would reverse the Court of Appeals' judgment and offer the other relief set forth in the Court's order.

ZAHRA, J. (*dissenting*).

I respectfully dissent from this Court's order reversing the judgment of the Court of Appeals and reinstating the judgment of the district court for plaintiff.

Subject-matter jurisdiction "concerns a court's 'abstract power to try a case of the kind or character of the one pending' and is not dependent on the particular facts of the case."[4] Any action taken by a court that lacks subject-matter jurisdiction, other than dismissal, is void irrespective of what actions have transpired.[5] "Jurisdiction does not inhere in a court, it is conferred upon it by the power which creates it."[6] Our Constitution establishes "one trial court of general jurisdiction known as the circuit court" and authorizes the Legislature to establish "courts of limited jurisdiction."[7] The Legislature exercised that authority in establishing the district court, which "has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00."[8]

---

[4] *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 204 (2001) (emphasis omitted), quoting *Campbell v St John Hosp*, 434 Mich 608, 613-614 (1990).

[5] *Bowie v Arder*, 441 Mich 23, 56 (1992) ("When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void."); *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544-545 (1935) ("When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction . . . . They are of no more value than as though they did not exist.").

[6] *Detroit v Rabaut*, 389 Mich 329, 331 (1973) (quotation marks omitted).

[7] Const 1963, art 6, § 1. See also MCL 600.605 ("Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court . . . .").

[8] MCL 600.8301(1).

Further, MCR 2.227—promulgated pursuant to this Court's constitutional authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state"[9]—permits a court that "determines that it lacks jurisdiction of the subject matter of the action" to transfer a case to "some other Michigan court [that] would have jurisdiction of the action . . . ."[10]  Relevant to cases transferred under MCR 2.227 based on the amount in controversy is Administrative Order No. 1998-1, 457 Mich lxxxv-lxxxvi (1998), which states, in pertinent part:

> A circuit court may not transfer an action to district court under MCR 2.227 based on the amount in controversy unless:  (1) The parties stipulate to the transfer *and to an appropriate amendment of the complaint*, see MCR 2.111(B)(2)[11]; or (2) From the allegations of the complaint, it appears to a legal certainty that the amount in controversy is not greater than the applicable jurisdictional limit of the district court.[12]

In issuing AO 1998-1, this Court clearly recognized that, in order to vest jurisdiction in the district court where the case is transferred from the circuit court under MCR 2.227 based on the amount in controversy and where the original complaint alleges damages in excess of $25,000, it is not enough for the parties to merely stipulate to the transfer; they must also stipulate to an appropriate amendment of the complaint that brings the case within the district court's jurisdictional amount.  This is no small requirement.  Our decision in *Hodge* reaffirmed the well-settled common-law rule that the amount in controversy, and thus the basis for the district court's subject-matter jurisdiction, is based on the amount alleged in the pleadings.[13]  Applying *Hodge* here, the amount alleged in plaintiffs' original complaint filed in the circuit court continued to control the amount in controversy until amended.  But without a stipulation to "an appropriate amendment of the complaint" under AO 1998-1, plaintiffs would have no

---

[9] Const 1963, art 6, § 5.

[10] MCR 2.227(A)(1).  MCR 2.227 was amended effective January 1, 2020.  504 Mich cxcvi, cciv-ccvi (2019).  The changes to the court rule do not affect the analysis, and this statement cites the preamendment version of the court rule.

[11] MCR 2.111(B)(2) states, in relevant part, that "[a] complaint, counterclaim, cross-claim, or third-party complaint must contain . . . [a] demand for judgment for the relief that the pleader seeks.  If the pleader seeks an award of money, a specific amount must be stated if the claim is for a sum certain or a sum that can by computation be made certain, or if the amount sought is $25,000 or less."

[12] Emphasis added.

[13] *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 217-224 (2016).

basis upon which to file an amended complaint in the district court, as any action taken by the district court—including entering an order permitting an amendment of a complaint—would be void for lack of subject-matter jurisdiction.[14]  Therefore, in cases transferred under MCR 2.227 from the circuit court to the district court based on the amount in controversy, a plaintiff seeking to amend his or her complaint to bring the case within the district court's jurisdictional amount must do so *pursuant to the parties' stipulation* to "an appropriate amendment of the complaint" as required by AO 1998-1; a plaintiff may not file an amended complaint pursuant to an order of the district court because, with the original complaint filed in the circuit court still controlling as to the amount in controversy, the district court, under *Hodge*, has no subject-matter jurisdiction over the case.[15]

Here, while the parties stipulated to the transfer, they did not stipulate to an appropriate amendment of the complaint alleging that plaintiff's damages were less than $25,000.  Absent such a stipulation, there was no authority upon which plaintiffs could file an appropriate amended complaint that would bring their case within the district court's jurisdictional amount.  The district court's February 15, 2017 order granting plaintiffs leave to file their second-amended complaint was void because, under *Hodge*, jurisdiction had not yet vested in the district court.  Accordingly, plaintiffs' second-amended complaint, filed pursuant to the district court's invalid order, was a nullity and did not vest the district court with subject-matter jurisdiction even though it alleged damages within the district court's jurisdictional amount.  Because plaintiffs did not file a valid amended complaint in the district court alleging an amount in controversy within

---

[14] *Bowie*, 441 Mich at 56; *Matter of Hague*, 412 Mich 532, 544 (1982) ("An order entered by a court without jurisdiction is absolutely void.") (quotation marks and citation omitted).

[15] Indeed, this Court in *Hodge* rejected the Court of Appeals' assertion that "nothing in MCL 600.8301(1), *MCR 2.227(A)(1)*, or MCR 2.116(C)(4) 'requires that a court limit its jurisdiction query to the amount in controversy alleged in the pleadings,' " stating instead that "the statute and court rules are properly read as incorporating the long-settled rule that *the jurisdictional amount is determined on the face of the pleadings*."  *Hodge*, 499 Mich at 219-220 (emphasis added).  Given that *Hodge* expressly considered MCR 2.227 in rendering its decision, I disagree with the majority's assertion that "the parties' good-faith joint stipulation to an amount in controversy less than $25,000 vested the district court with subject-matter jurisdiction over the action," *ante* at 2, as this assertion is directly contrary to this Court's teachings in *Hodge* that the pleadings control the amount in controversy and, thus, a district court's subject-matter jurisdiction.  See *id*. at 217 ("Our cases have long held that courts are to determine their subject-matter jurisdiction by reference *to the pleadings*. . . .  Neither the parties nor our own research has revealed any case deviating from this common-law rule.") (emphasis added).

that court's jurisdictional amount, the district court never acquired subject-matter jurisdiction and could do nothing else but dismiss the case.[16]

Further, I disagree with the majority's extension of the limited "bad faith" exception discussed in *Hodge* to resolve this case. This Court stated in *Hodge* that "absent a finding of bad faith," concerns about artful pleading that the common-law rule may create do not "affect the district court's jurisdiction, which has *always* been determined based on the amount alleged in the pleadings."[17] In expounding on the "bad faith" exception, this Court in *Hodge* explained that "a court will not *retain* subject-matter jurisdiction over a case 'when fraud upon the court is apparent' from *allegations pleaded in bad faith*," and cited—as an example of a situation that "would constitute bad faith sufficient to *oust* the court of jurisdiction"—a case in which "this Court dismissed the plaintiff's suit as being brought in bad faith because the amount claimed was 'unjustifiable' and could not be proved."[18] As is made clear from our decision in *Hodge*,

---

[16] My conclusion does not run afoul of the general rule that parties may not stipulate to subject-matter jurisdiction. *Bowie*, 441 Mich at 56 ("Parties cannot give a court jurisdiction by stipulation where it otherwise would have no jurisdiction."). Instead, it is the *parties' stipulation* to "an appropriate amendment of the complaint" under AO 1998-1 that serves as the underlying authority permitting plaintiffs to file an amended complaint. It is then *the amended complaint* filed pursuant to that stipulation that *vests* the district court with subject-matter jurisdiction, so long as the amended complaint actually alleges damages within the district court's jurisdictional amount. It is incumbent on the circuit court ordering the transfer to ensure that adequate authority exists to amend the complaint after transfer so as to vest the district court with subject-matter jurisdiction. Moreover, even assuming, as the majority concludes here, that defendants could waive AO 1998-1's requirement that the parties stipulate to "an appropriate amendment of the complaint," the fact remains that plaintiffs filed their second-amended complaint *pursuant to* the district court's February 15, 2017 order that was void for lack of subject-matter jurisdiction. I do not dispute that the parties had the ability to stipulate to the amount in controversy. But absent a foundational base from which to file an appropriate amended complaint—which, as discussed, is the parties' stipulation to file an appropriate amended complaint—plaintiffs' second-amended complaint was a nullity. This Court's bare cites to MCR 2.118(A)(2) and MCL 600.2301 are unavailing for the same reason; without subject-matter jurisdiction, the district court had no authority to permit plaintiffs to amend their pleadings under either MCR 2.118(A)(2) or MCL 600.2301.

[17] *Hodge*, 499 Mich at 221-222 (emphasis added).

[18] *Id*. at 222 n 31 (emphasis added; ellipsis omitted), quoting *Fix v Sissung*, 83 Mich 561, 563 (1890). See also *Hodge*, 499 Mich at 228 (MARKMAN, J., concurring) ("This Court has long recognized that when a plaintiff's pleadings are clearly made in bad faith for the purpose of satisfying a trial court's subject-matter jurisdiction, the trial court is *ousted* of

the limited exception to the common-law rule applies only when a plaintiff pleads in *bad faith* such that the court is *divested* or *ousted* of subject-matter jurisdiction. Not only do plaintiffs readily admit that they did not plead in bad faith, but the exception outlined above has never before been used to *create* jurisdiction where none exists or to *restore* jurisdiction that has been lost. The majority's decision today, for all intents and purposes, creates a good-faith exception to the common-law rule reaffirmed in *Hodge* that simply cannot be gleaned from even the broadest reading of that decision, or any other decision from this Court. I question what ramifications this newly created exception will have on our subject-matter jurisdiction jurisprudence,[19] which until now, has been straightforward and firm.

---

jurisdiction and must dismiss the matter.") (emphasis added), citing *Fix*, 83 Mich at 563.

[19] This Court in *Hodge* declined to address "whether a fully-informed plaintiff acts in bad faith by filing a claim in district court, thereby limiting his own recovery to $25,000." *Hodge*, 499 Mich at 222 n 31 (opinion of the Court). Here, after plaintiffs were permitted to file their second-amended complaint alleging damages of less than $25,000, the jury returned a verdict of $77,325 in favor of plaintiff. As we recognized in *Hodge*, a jury verdict exceeding a court's jurisdictional limit does not warrant a deviation from the common-law rule that the pleadings control the amount in controversy. *Id*. at 217, 223-224. Notably, however, plaintiffs then filed postverdict motions expressly seeking damages far in excess of the district court's jurisdictional amount, $51,575 to be exact, as well as attorney fees and costs in the amount of $169,951.67—nearly seven times the $25,000 limit on plaintiffs' recovery in the district court. The district court reduced plaintiff's damages to $25,000 and awarded plaintiffs $92,944 in attorney fees and $19,656.01 in costs. Although the circuit court vacated the district court's award of attorney fees and costs, this Court in *Hodge* cautioned courts to beware of the "unscrupulous attorney" who may limit his client's recovery to $25,000 by proceeding with a case in the district court, but may "then seek attorney fees based on the full amount of damages returned by the jury, thereby sacrificing his client's interests to his own." *Id*. at 221 n 30. Ultimately, while no findings of bad faith were made here, plaintiffs' postverdict conduct arguably indicates an intent to impermissibly litigate a circuit court case in the district court. See *id*. at 245-246 (MARKMAN, J., concurring) ("[B]ecause *each* of the parties may, under some circumstances, view litigating a 'circuit court case' in the district court as being within the party's interest, the district court is obligated to be vigilant in identifying bad-faith conduct, and it must be prepared to question sua sponte its own jurisdiction . . . . Such jurisdiction may be questioned at any stage of the proceeding, and when the circumstances clearly demonstrate that jurisdiction has been obtained by a pleading in bad faith, the case must be dismissed.") (some quotation marks omitted; citations omitted).

Ultimately, in cases transferred under MCR 2.227 from the circuit court to the district court based on the amount in controversy, subject-matter jurisdiction does not vest in the district court until the plaintiff files "an appropriate amendment of the complaint" alleging damages within the district court's jurisdictional amount pursuant to the parties' stipulation to that amendment, as required by AO 1998-1. Here, plaintiffs filed their second-amended complaint pursuant to the district court's February 15, 2017 order granting plaintiffs leave to amend their complaint. Because the district court lacked jurisdiction to enter that order in the first place, plaintiffs' second-amended complaint was a nullity and simply could not vest the district court with subject-matter jurisdiction. Accordingly, the Court of Appeals correctly concluded that the district court lacked jurisdiction to enter judgment in favor of plaintiffs. Because the majority concludes otherwise, I dissent.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 11, 2021



t0602

Clerk