LARSEN, J.
This case involves the proper application of MCL 600.8301, which grants the district court “exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00.” For at least 160 years, Michigan courts have held that the allegations in the complaint establish the amount in controversy.[1] We affirm that principle today.
This case arises out of a lawsuit for no-fault damages filed in the 36th District Court. Plaintiff, Linda *214 Hodge, was struck by a car in Detroit and sustained serious injuries. She brought this suit for first-party no-fault benefits against defendant, State Farm Mutual Automobile Insurance Company, which insured the driver who struck her. She sought damages for her medical expenses, loss of wages, and attendant-care needs. In two separate parts of her complaint, Hodge stated that she sought damages “not in excess of $25,000.”
During discovery, State Farm came to believe that Hodge would present at trial proof of damages in excess of $25,000. Such proofs, in State Farm’s view, would take the “amount in controversy” above the district court’s jurisdictional limit. State Farm, therefore, filed a motion in limine, seeking to prevent Hodge from presenting evidence of claims exceeding $25,000 and to prevent the jury from awarding damages above that limit. The district court denied the motion.
At trial, Hodge did present proof of injuries exceeding $25,000, including more than $150,000 in attendant-care services alone. At the conclusion of the trial, the jury returned a verdict of $85,957. The district court then reduced its judgment for Hodge to $25,000 in damages and $1,769 in no-fault interest.
State Farm appealed in the Wayne Circuit Court, claiming that the amount in controversy exceeded the district court’s jurisdictional limit and that capping Hodge’s recovery at $25,000 could not cure the defect. The circuit court agreed and reversed the district court’s order of judgment.[2]
The Court of Appeals initially denied plaintiffs application for leave to appeal. After this Court re *215 manded for consideration as on leave granted,[3] the Court of Appeals consolidated this case with another brought in district court by plaintiffs counsel that raised the same jurisdictional question. In the consolidated appeal, the Court of Appeals affirmed the circuit court’s decision, holding that although the district court’s jurisdiction “will most often be determined by reviewing the amount of damages or injuries a party claims in his or her pleadings,”[4] the district courts here were divested of jurisdiction when the “pretrial discovery answers, the arguments of [plaintiffs] counsel before trial and the presentation of evidence at trial” pointed to damages in excess of $25,000.[5]
The plaintiff in each of the consolidated cases sought leave to appeal in this Court. We initially granted leave to appeal in the companion case, Moody v Home Owners,[6] and held this case in abeyance pending our decision in Moody.[7] However, this Court subsequently granted the plaintiffs-appellants’ motion to dismiss their own appeal in Moody.[8] We then vacated our abeyance order and granted leave to appeal in this case, limited to two issues:
(1) whether a district court is divested of subject-matter jurisdiction when a plaintiff alleges less than $25,000 in damages in his or her complaint, but seeks more than $25,000 in damages at trial, i.e., whether the “amount in controversy” exceeds $25,000 under such circumstances ... and, if not, (2) whether such conduct nevertheless divests the district court of subject-matter jurisdiction *216 on the basis that the amount alleged in the complaint was made fraudulently or in bad faith.[9]
The 1963 Michigan Constitution, art 6, § 1, establishes the circuit court as a “trial court of general jurisdiction” and authorizes the Legislature to establish courts of limited jurisdiction. The Legislature exercised this constitutional authority in 1968 by creating the district court.[10] MCL 600.8301(1) establishes the district court’s limited jurisdiction:
The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00.[11]
The plain language of MCL 600.8301(1), read in conjunction with art 6, § 1 and MCL 600.605,[12] establishes that, in civil actions where no other jurisdictional statute applies, the district court is limited to deciding cases in which the amount in controversy does not exceed $25,000.[13] The district court, therefore, may *217 not award damages in excess of that amount.[14] The question before this Court is how to determine the “amount in controversy”: by the pleadings or by the proofs at trial?
Our cases have long held that courts are to determine their subject-matter jurisdiction by reference to the pleadings. As far back as 1855, when determining whether the circuit court or the justice of peace had jurisdiction over a dispute,[15] this Court held that “jurisdiction must be determined. . . , where it depends on amount, by the sum claimed in the declaration or writ.”[16] This “well settled” rule would apply, the Court surmised, even if the plaintiff presented proof of damages, or the jury returned a verdict, exceeding the court’s jurisdictional limit.[17] Neither the parties nor our own research has revealed any case deviating from this common-law rule.[18]
*218 Nor is there any reason to believe that the Legislature intended to depart from this well-settled practice when it created the district court and established by statute the monetary limits on its jurisdiction. When the Legislature, without indicating an intent to abrogate the common law,
borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed.[19]
*219 Here, the statute neither defines the critical term, “amount in controversy,”[20] nor in any other way suggests an intent to depart from the long-established rule that the pleadings determine the amount in controversy for purposes of the court’s subject-matter jurisdiction.
Thus, it is not quite right to say, as did the Court of Appeals, that nothing in MCL 600.8301(1),[21] MCR 2.227(A)(1),[22] or MCR 2.116(C)(4)[23] “requires that a court limit its jurisdictional query to the amount in *220 controversy alleged in the pleadings.”[24] Instead, the statute and court rules are properly read as incorporating the long-settled rule that the jurisdictional amount is determined on the face of the pleadings.
Both the Court of Appeals and defendant urge that dictionary definitions of statutory terms support a contrary result. We find the cited references unhelpful. The Court of Appeals noted that Black’s Law Dictionary defines “amount in controversy”[25] as “[t]he damages claimed or relief demanded by the injured party in a lawsuit.”[26] But this definition is at least as consistent with the common-law rule as it is with the new rule espoused by the Court of Appeals. The dispute here is over how and when to determine the “damages claimed or relief demanded”: on the pleadings or on the proofs? As a method for determining the district court’s subject-matter jurisdiction, then, Black’s definition of “amount in controversy” is simply incomplete.
Defendant’s resort to the dictionary fares no better. MCR 2.227(A)(1) allows a court to transfer an action to another tribunal when it “determines that it lacks jurisdiction of the subject matter of the action.” Defendant cites multiple dictionaries for the proposition that “determines” implies the result of research or investigation. From this, defendant argues that a court may look beyond the pleadings to determine its jurisdiction. But the conclusion does not clearly follow from the premise. Even if “to determine” implies that inquiry will precede decision, neither the court rule nor com *221 mon English usage conveys the sense that the inquiry need be prolonged. Just as government officials routinely “determine” age or identity by looking at photo ID, a court might well “determine” the jurisdictional amount by looking at the pleadings.
We are left, therefore, with the firm impression that in adopting MCL 600.8301, the Legislature intended to continue the longstanding practice of determining the jurisdictional amount based on the amount prayed for in the complaint. The Court of Appeals was aware of this “ancient” common-law rule,[27] but thought it inapplicable because the plaintiff pleaded “a claim for relief ostensibly within the limits of the district court’s subject-matter jurisdiction but then plac[ed] in dispute through evidence and argument at trial an amount of damages much greater than the court’s jurisdictional limit.”[28] We recognize, as did the Court of Appeals, the potential for “artful pleading” that the common-law rule creates,[29] and we have our own concerns about the implications of the rule.[30] But, absent a finding of bad *222 faith,[31] we do not believe that these concerns affect the district court’s jurisdiction, which has always been determined based on the amount alleged in the pleadings.
The common-law rule is marked not only by its longevity but by its simplicity. The ad damnum clause in the plaintiffs complaint is a straightforward mea *223 sure of the court’s jurisdiction. And its accompanying limit on recovery should deter fully-informed plaintiffs from too-readily seeking to litigate a more valuable claim in district court. By contrast, the rule articulated by the Court of Appeals renders the district court’s jurisdiction contingent and uncertain and raises a host of new complications. The Court of Appeals believed that the district court in the instant case was divested of jurisdiction when the “pretrial discovery answers, the arguments of. . . counsel before trial, and the presentation of evidence at trial [] all showed that” what it deemed the “amount in controversy . . . far exceeded” the district court’s jurisdictional limit.[32] But if plaintiffs proofs here were excessive, would proofs exceeding the jurisdictional limit by $1,000 be enough to divest the district court of jurisdiction? $100? $1? What would be the effect on the resources of the court system? If a plaintiff presented evidence over the jurisdictional cap on the last day of testimony, would the entire trial have to begin anew in the circuit court? Could a losing plaintiff conveniently “discover” and submit receipts above the jurisdictional amount on the last day of a trial that is not going his way? Would the district court be divested of subject-matter jurisdiction if a jury returned a verdict beyond the jurisdictional limit even though neither party had argued for that amount? What would happen if a plaintiff wished to present multiple theories of recovery? None of these questions attend the longstanding common-law rule.
We, therefore, hold what the jurisprudence of this state has long established: in its subject-matter jurisdiction inquiry, a district court determines the amount in controversy using the prayer for relief set forth in the plaintiffs pleadings, calculated exclusive of fees, *224 costs, and interest.[33] Hodge’s complaint prayed for money damages “not in excess of $25,000,” the jurisdictional limit of the district court. Even though her proofs exceeded that amount, the prayer for relief controls when determining the amount in controversy and the limit of awardable damages. Because there were no allegations, and therefore no findings, of bad faith in the pleadings, the district court had subject-matter jurisdiction over the plaintiffs claim.
We reverse the Court of Appeals’ decision that the district court lacked subject-matter jurisdiction, reinstate the judgment of the district court, and remand to the district court for further proceedings.
Young, C.J., and Markman, Zahra, McCormack, Viviano, and Bernstein, JJ., concurred with Larsen, J.

 See Strong v Daniels, 3 Mich 466, 473 (1855).

 Hodge v State Farm Mut Auto Ins Co, unpublished order of the Wayne Circuit Court, issued February 1, 2012 (Docket No. 10-012109-AV).

 Hodge v State Farm Mut Auto Ins Co, 493 Mich 937 (2013).

 Moody v Home Owners Ins Co, 304 Mich App 415, 430; 849 NW2d 31 (2014).

 Id.

 Moody v Home Owners Ins Co, 497 Mich 866 (2014).

 Hodge v State Farm Mut Auto Ins Co, 853 NW2d 334 (Mich, 2014).

 Moody v Home Owners Ins Co, 858 NW2d 462 (Mich, 2015).

 Hodge v State Farm Mut Auto Ins Co, 497 Mich 957 (2015).

 MCL 600.8101, as enacted by 1968 PA 154.

 When the Legislature established the district court in 1968, it set the court’s jurisdictional limit at $3,000. See 1968 PA 154. The Legislature has twice raised the jurisdictional limit: to $10,000 in 1971, see 1971 PA 148, and to $25,000 in 1996, see 1996 PA 388.

 “Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.”

 The 1963 Michigan Constitution, art 6, § 1 dictates that the circuit court is to be the only court of general jurisdiction, but that the Legislature may establish courts of limited jurisdiction. The Legislature slightly restricted the circuit court’s jurisdiction in MCL 600.605 by removing the circuit court’s original jurisdiction in cases “where exclusive jurisdiction is given in the constitution or by statute to some other court. . . .” The Legislature granted such exclusive jurisdiction to the district court in MCL 600.8301(1). However, because the Legislature only has the authority to establish courts of limited jurisdiction, the *217 district court’s jurisdiction is limited to the explicit grant of Chapter 83 of the Revised Judicature Act of 1961. See MCL 600.8301 et seq.

 See Zimmer v Schindehette, 272 Mich 407, 409; 262 NW 379 (1935) (declaring void a judgment rendered by a justice of the peace that was in excess of his jurisdiction). See also Clohset v No Name Corp (On Remand), 302 Mich App 550, 567; 840 NW2d 375 (2013) (“We are cognizant of the fact that, generally speaking, a district court cannot render a judgment that exceeds its jurisdictional limit.”).

 The 1850 Michigan Constitution, art 6, § 18, specified that “justices of the peace shall have exclusive jurisdiction to the amount of one hundred dollars . . . .” The 1908 Michigan Constitution had a similar clause. See Const 1908, art 7, § 16.

 Strong, 3 Mich at 472. This rule appears to be even older than Strong. The Court in Strong noted that even before the adoption of the 1850 Constitution, at issue in that case, “it was never doubted, that the test of jurisdiction was the amount claimed in the plaintiffs writ.” Id. at 470.

 Id. at 473 (“[T]he justice will not be ousted of his jurisdiction by the jury returning a verdict, or by proof of damages beyond his jurisdiction.”).

 We note that the federal courts also apply this principle. See, e.g., St Paul Mercury Indem Co v Red Cab Co, 303 US 283, 288; 58 S Ct 586; 82 *218 L Ed 845 (1938) (“The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that. .. the sum claimed by the plaintiff controls if the claim is apparently made in good faith.”). Several other states are in accord. See, e.g., Brunaugh v Worley, 6 Ohio St 597, 598 (1856) (“The jurisdiction of the court of common pleas depends upon the amount claimed in the petition.”); Wagner v Nagel, 23 NW 308, 309 (Minn, 1885) (“It is well settled in this court that where the jurisdiction of a court depends upon ‘the amount in controversy,’ this is determined by the amount claimed.”)', Sellery v Ward, 21 Cal 2d 300, 304; 131 P2d 550 (1942) (“Where the action is brought in good faith and the cause of action stated is within the jurisdiction of the court in which it is commenced, the mere fact that the judgment is for less than the jurisdictional amount of that court does not establish that it was without jurisdiction.”); Brannon v Pacific Employers Ins Co, 148 Tex 289, 294; 224 SW2d 466 (1949) (“It is a fundamental rule that in determining the jurisdiction of the trial court, the allegations of the petition made in good faith are determinative of the cause of action.”); Holmquist v Spinelli, 139 Conn 429, 431; 94 A2d 621 (1953) (“From the earliest times in this state, and in a long line of cases, it has been held that the amount of the matter in demand is to be discovered only by reference to the complaint.”); White v Marine Transport Lines, Inc, 372 So 2d 81, 84 (Fla, 1979) (“[T]he good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action.”).

 Sekhar v United States, 570 US _, _; 133 S Ct 2720, 2724; 186 L Ed 2d 794 (2013), quoting Morissette v United States, 342 US 246, 263; 72 S Ct 240; 96 L Ed 288 (1952). See also In re Bradley Estate, 494 Mich 367, 377; 835 NW2d 545 (2013) (“[W]hen the Legislature chooses to *219 employ a common-law term without indicating an intent to alter the common law, the term will be interpreted consistent with its common-law meaning.”); Alvan Motor Freight, Inc v Dep’t of Treasury, 281 Mich App 35, 41; 761 NW2d 269 (2008) (“[W]hen enacting legislation, the Legislature is presumed to be fully aware of existing laws, including judicial decisions.”).

 “Pursuant to MCL 8.3a, undefined statutory terms are to be given their plain and ordinary meaning, unless the undefined word or phrase is a term of art.” People v Thompson, 477 Mich 146, 151; 730 NW2d 708 (2007). If a word or phrase is a term of art, it “shall be construed and understood according to [its] peculiar and appropriate meaning.” MCL 8.3a. Although the term “amount in controversy” was not specifically used in the 1850 or 1908 Constitutions, it has long been a part of our state’s legal lexicon and was used in nineteenth-century Court opinions to indicate the amount at stake in the suit. See, e.g., Olcott v Hanson, 12 Mich 452, 455 (1864) (opinion by Martin, J.); Truesdail v Ward, 24 Mich 117, 120 (1871) (opinion by Graves, J.). That amount was always determined based upon the amount claimed in the pleadings. See, e.g., Strong, 3 Mich at 470.

 “The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00.”

 “When the court in which a civil action is pending determines that it lacks jurisdiction of the subject matter of the action, but that some other Michigan court would have jurisdiction of the action, the court may order the action transferred to the other court in a place where venue would be proper. If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdictional issue.”

 “¶⅛ moyon [for summary disposition] may be based on one or more of these grounds, and must specify the grounds on which it is based: . . . The court lacks jurisdiction of the subject matter.”

 Moody, 304 Mich App at 426.

 When defining a legal term or phrase with a pedigree as long as “amount in controversy,” little is likely to be gained from defining the individual words it comprises. Thus, we find unpersuasive the Court of Appeals’ close examination of the individual words “amount” and “controversy.”

 Id. at 430, quoting Black’s Law Dictionary (9th ed).

 Id. at 432.

 Id. at 433.

 Id.

 For example, an unscrupulous attorney might, without fully informing his client, limit his client’s recovery to $25,000 by filing in district court but then seek attorney fees based on the full amount of damages returned by the jury, thereby sacrificing his client’s interests to his own. In this regard, we remind the trial courts that an attorney is entitled to recover a reasonable fee for advising and representing a client in a personal protection insurance (PIP) action. MCL 500.3148(1). After calculating the baseline attorney fee figure, the trial court should consider, though is not limited to, a number of factors when determining a reasonable fee for such representation. Pirgu v United Servs Auto Ass’n, 499 Mich 269, 281; 884 NW2d 257 (2016). These factors are:
(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
*222 (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perforin the legal service properly,
(3) the amount in question and the results obtained,
(4) the expenses incurred,
(5) the nature and length of the professional relationship with the client,
(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
(7) the time limitations imposed by the client or by the circumstances, and
(8) whether the fee is fixed or contingent. [Id. at 282.]
Factor (3) suggests that the fees awarded must be reasonable in light of the $25,000 limit on a plaintiffs recovery in district court.

 This Court has held that a court will not retain subject-matter jurisdiction over a case “when . . . fraud upon the court is apparent” from allegations pleaded in bad faith. Fix v Sissung, 83 Mich 561, 563; 47 NW 340 (1890). In Fix, this Court dismissed the plaintiffs suit as being brought in bad faith because the amount claimed was “unjustifiable” and could not be proved. Id. However, beyond that holding, our cases give no indication of what would constitute bad faith sufficient to oust the court of jurisdiction. The Court of Appeals seemed concerned with plaintiffs filing in district court knowing that provable actual damages exceeded the $25,000 jurisdictional limit. See Moody, 304 Mich App at 431. We question, but do not decide, whether a fully-informed plaintiff acts in bad faith by filing a claim in district court, thereby limiting his own recovery to $25,000. In this case, defendant made no allegation of bad faith in the pleadings, and there has been no finding of bad faith by the district court.

 Moody, 304 Mich App at 430-431.

 See Krawczyk v Detroit Auto Inter-Ins Exch, 117 Mich App 155, 163; 323 NW2d 633 (1982) (“As a general rule, neither costs, attorney fees nor interest is considered in determining the jurisdictional amount.”), affirmed in part, reversed in part on other grounds, 418 Mich 231 (1983).