*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHYSIATRY AND REHAB ASSOCIATES,
doing business as COLUMBIA CLINIC PAIN &
SPINE INSTITUTE,

UNPUBLISHED
October 15, 2019

Plaintiff-Appellant,

v

No. 342627
Oakland Circuit Court
LC No. 2017-161411-CZ

HORACE MANN INSURANCE COMPANY,

Defendant-Appellee.

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals by leave granted[1] the circuit court's opinion and order denying plaintiff's motion to amend its complaint, and granting summary disposition in favor of defendant. We reverse and remand to the circuit court for further proceedings.

## I. FACTUAL BACKGROUND

This case arises out of a motor vehicle accident on October 2, 2015, in which Sara Aljubory sustained bodily injuries. Plaintiff provided Aljubory approximately $27,042.40 of healthcare services in relation to the injuries she sustained and sought to collect the money owed from defendant, Aljubory's no-fault insurer. After defendant refused to pay, in August 2016, plaintiff filed a complaint in the district court. While proceedings were still pending, in May 2017, the Michigan Supreme Court issued its opinion in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), holding that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits

---

[1] *Physiatry and Rehab Assoc v Horace Mann Ins Co*, unpublished order of the Court of Appeals, entered August 9, 2018 (Docket No. 342627).

under the no-fault act." Although the case meant that healthcare providers no longer had statutory standing to bring direct causes of action against no-fault insurers, the Supreme Court noted that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 & n 40. Aljubory executed such an assignment of rights to plaintiff on June 14, 2017.

Shortly thereafter, in July 2017, plaintiff filed a motion for leave to amend its complaint under MCR 2.118(A)(2) to include the assignment of rights, and a motion to transfer the case to the circuit court because the amount in controversy exceeded the district court's jurisdictional limit of $25,000. At the same time, defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). The motion to transfer was granted, and the remaining two motions were left for the circuit court to decide. Notably, the district court file was not mailed to the circuit court until October 6, 2017, and the circuit did not receive notice of the transfer of plaintiff's case until October 11, 2017—more than two months after the district court granted plaintiff's motion to transfer. In November 2017, the circuit court issued a scheduling order requiring the parties to refile their motions and setting a hearing date.

The scheduling order stated that "[i]f [a] non-moving party's responsive motion and supporting brief is not timely filed, the Court will assume there is no law to support that party's position." Plaintiff refiled its motion to amend the complaint, defendant refiled its motion for summary disposition, and neither party filed a direct response to the other party's motion. With respect to plaintiff's motion to amend its complaint, the circuit court held that plaintiff had caused undue delay by waiting to file the motion to amend until more than a month after *Covenant* was issued, and by failing to ensure that the district court heard the motion to amend before the motion to transfer. The court found that plaintiff's actions "allowed more than six months to elapse between the *Covenant* decision and a decision on its motion to amend the complaint." The circuit court denied plaintiff's motion to amend its complaint, found that plaintiff therefore lacked standing, and granted defendant's motion for summary disposition under MCR 2.118(C)(8).

Plaintiff filed a motion for reconsideration, but the circuit court denied that motion for failing to demonstrate that the circuit court committed a palpable error, and for merely presenting the same issues previously ruled on by the circuit court. The circuit court explained that plaintiff improperly "focuse[d] on the time between filing its motion to amend[,] not its delay with having the motion heard either in the District Court (never) or the Circuit Court (more than 6 months)." This Court granted plaintiff's delayed application for leave to appeal.[2] *Physiatry and Rehab Assoc v Horace Mann Ins Co*, unpublished order of the Court of Appeals, entered August 9, 2018 (Docket No. 342627). Plaintiff argues that the circuit court abused its discretion in denying the motion to amend its complaint. We agree.

---

[2] Plaintiff first filed an appeal by right with this Court that was dismissed for failure to file the appeal within 21 days of the circuit court's order denying reconsideration. *Physiatry and Rehab Assoc v Horace Mann Ins Co*, unpublished order of the Court of Appeals, entered January 24, 2018 (Docket No. 341819).

## II. JURISDICTION

As an initial matter, defendant argues that the circuit court lacked subject-matter jurisdiction to rule on plaintiff's motion to amend its complaint because, under the one-year-back rule and relevant caselaw, plaintiff cannot maintain a cause of action in the circuit court that meets or exceeds the $25,000 amount-in-controversy requirement. We disagree.

"Whether the trial court had subject-matter jurisdiction is a question of law that this Court reviews de novo." *Bank v Mich Ed Ass'n-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016). "The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000." *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 217; 884 NW2d 238 (2016) (citation omitted). Michigan "cases have long held that courts are to determine their subject-matter jurisdiction by reference to the pleadings," not the proofs presented throughout the litigation. *Id*. at 216-217. "This well-settled rule would apply . . . even if the plaintiff presented proof of damages, or the jury returned a verdict, exceeding the court's jurisdictional limit." *Id*. at 217 (quotation marks and citation omitted).

Under MCL 500.3145(1), a claimant for PIP benefits "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." The one-year-back rule in MCL 500.3145(1) "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012). In *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 202-205; 920 NW2d 148 (2018), oral argument gtd on the application 503 Mich 882 (2018), we held that when a healthcare provider, post-*Covenant*, seeks recovery for no-fault benefits on the basis of an assignment-of-rights theory, the healthcare provider may only recover for losses incurred within one year of the date of the assignment, even if the healthcare provider filed its original complaint before *Covenant*.

Plaintiff filed its direct, statutory cause of action against defendant on August 26, 2016, in the district court for healthcare services it provided to Aljubory, totaling less than $25,000. As of May 10, 2017, however, the total amount of healthcare services that plaintiff provided to Aljubory increased to $27,042.40—exceeding the district court's jurisdictional maximum for the amount in controversy. On May 25, 2017, our Supreme Court decided *Covenant*, which extinguished plaintiff's ability to bring a statutory cause of action against defendant, but did not "alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich at 196, 217 n 40.[3] While plaintiff obtained a valid assignment of Aljubory's right to collect PIP benefits from defendant on June 14, 2017, plaintiff can only collect PIP benefits up to one year from the date it obtained its assignment—i.e.,

---

[3] In *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 176, 196; 909 NW2d 38 (2017), oral argument gtd on the application 501 Mich 1079 (2018), this Court held that *Covenant* has retroactive effect, meaning that it "applie[d] to all cases still open on direct review."

June 14, 2016. See *Shah*, 324 Mich App at 205 (stating that the date of the assignment is "the pertinent point of reference for purposes of the one-year-back rule").

As defendant points out, plaintiff's proof of damages demonstrates that the total amount of healthcare services plaintiff provided to Aljubory from June 14, 2016 (one year from the date of the assignment), through May 10, 2017 (the last date plaintiff provided healthcare services to Aljubory) does not exceed $25,000. However, plaintiff's motion to transfer the case to circuit court pleaded an amount over the district court's $25,000 jurisdictional limit. See *Hodge*, 499 Mich at 222-224 (holding that, absent a finding of bad faith, "a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings"). Thus, the circuit court had subject-matter jurisdiction over plaintiff's case. See *id.* To the extent that the amount in controversy does not exceed $25,000, the circuit court may address that matter on remand. See *Shah*, 324 Mich App at 210 (holding that, because the defendant insurer's argument relating "to the jurisdictional minimum for the amount in controversy" was not addressed by the circuit court before it dismissed the plaintiff's claim, that matter and any "additional matters relating to [the] plaintiffs' proposed supplemental complaint [should] be addressed in the first instance by the trial court").

### III. MOTION TO AMEND PLAINTIFF'S COMPLAINT

Plaintiff argues that the circuit court abused its discretion in denying plaintiff's motion to amend its complaint on the basis of undue delay. We agree, and find that a remand to the circuit court is appropriate to allow plaintiff to file a supplemental pleading under MCR 2.118(E)—not an amended complaint under MCR 2.118(A).

The standard of review on an appeal regarding a motion to amend a pleading is as follows:

> The grant or denial of leave to amend pleadings is within the trial court's discretion. A trial court's decision on whether to permit a party to serve a supplemental pleading is also discretionary. A motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility. Amendment is generally a matter of right rather than grace.

> This Court will not reverse a trial court's decision regarding leave to amend unless it constituted an abuse of that discretion that resulted in injustice. An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes. A trial court necessarily abuses its discretion when it makes an error of law. [*Shah*, 324 Mich App at 207-208 (quotation marks, citations, and brackets omitted).]

MCR 2.118(A), the rule applicable to a party seeking to amend a pleading, states, in relevant part:

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

Plaintiff filed a motion to transfer the case to the circuit court on July 6, 2017—almost two months after the last date it rendered healthcare services to Aljubory (May 10, 2017), more than one month after *Covenant* (May 25, 2017), but less than one month after obtaining an assignment of Aljubory's right to collect PIP benefits from defendant (June 14, 2017). The district court granted plaintiff's motion to transfer the case to the circuit court on August 4, 2017, but did not rule on plaintiff's motion to amend its complaint or defendant's motion for summary disposition, both of which were also filed on July 6, 2017. Not only did plaintiff lack control over which motion the district court would rule on first, but it was appropriate for the district court to rule on plaintiff's motion to transfer the case—and only that motion—because, given plaintiff's pleading that the amount in controversy exceeded $25,000, the district court did not have jurisdiction to rule on the parties' substantive motions. See *Reed v Yackell*, 473 Mich 520, 548; 703 NW2d 1 (2005) ("When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void.") (citation omitted); MCR 2.227(A) (stating that when a court in which a civil action is pending lacks subject-matter jurisdiction, the court may transfer the action to another court where jurisdiction and venue is proper). Accordingly, plaintiff cannot be said to have caused undue delay by the district court's decisions to rule on plaintiff's motion to transfer the case to the circuit court first, and abstain from ruling on the other pending motions.

The circuit court denied plaintiff's motion to amend its complaint on the basis of undue delay, stating that plaintiff "allowed more than six months to elapse between the *Covenant* decision and a decision on its motion to amend the complaint." However, plaintiff could not proceed with its case against defendant until it had obtained the assignment from Aljubory, which it obtained within a reasonable time after *Covenant*. Further, a review of the record reveals that, after the district court granted plaintiff's motion to transfer the case to the circuit court on August 4, 2017, the circuit court did not receive the district court's file until October 11, 2017. The record also reveals that the circuit court's own scheduling order delayed the circuit court's ruling on plaintiff's motion to amend its complaint until November 22, 2017. That is, the delay in the case being transferred from the district court to the circuit court, and the delay in the circuit court finally ruling on plaintiff's motion to amend its complaint, cannot be attributed to plaintiff.

This Court has recognized that "delay, alone, does not warrant denial of a motion to amend," and that "a court may deny a motion to amend if the delay was in bad faith or if the opposing party suffered actual prejudice as a result." *Decker v Rochowiak*, 287 Mich App 666, 682; 791 NW2d 507 (2010) (quotation marks, citation, and brackets omitted). "Prejudice exists if the amendment would prevent the opposing party from receiving a fair trial . . . ." *Id.* (quotation marks and citation omitted). There is no evidence that plaintiff acted in bad faith in filing its motion to amend its complaint (July 6, 2017) approximately three weeks after obtaining

the assignment of rights from Aljubory (June 14, 2017), nor is there any indication that defendant was prejudiced by this filing because defendant would still be able to assert the one-year-back rule as a defense to plaintiff's recovery of PIP benefits. Therefore, the circuit court abused its discretion in denying plaintiff's motion to amend its complaint on the basis of undue delay.

Defendant argues that even if the circuit court abused its discretion in denying plaintiff's motion to amend the complaint, a remand would be futile because the circuit court lacked subject-matter jurisdiction to grant plaintiff's motion. However, as noted above, the circuit court had subject-matter jurisdiction over plaintiff's cause of action because plaintiff pleaded an amount that met or exceeded the $25,000 amount-in-controversy requirement. See *Hodge*, 499 Mich at 222-224 (stating that a court, absent a finding of bad faith, determines whether the amount in controversy has been satisfied using the plaintiff's pleadings). In addition, because plaintiff's motion is better characterized as a motion to file a supplemental pleading under MCR 2.118(E), a remand to the circuit court would not be futile.

## IV. SUPPLEMENTAL PLEADING

While we hold that the circuit court abused its discretion in denying plaintiff's motion to amend its complaint on the basis of the erroneous finding of undue delay, we note that plaintiff's motion to amend its complaint under MCR 2.118(A) is better characterized as a motion for leave to file a supplemental pleading under MCR 2.118(E).

MCR 2.118(E), the rule regarding supplemental pleadings, provides, in relevant part:

> On motion of a party the court may, on reasonable notice and on just terms, permit the party to serve a supplemental pleading to state transactions or events that have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or a defense. . . .

MCR 2.118(D), the rule regarding amended pleadings and the relation-back doctrine, provides, in relevant part:

> An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. . . .

"[W]hile an amended pleading may relate back to the date of the original pleading, there is no provision for relating back as to supplemental pleadings. *Shah*, 324 Mich App at 203 (quotation marks and citation omitted). In addition, "the relation-back doctrine does not apply to the addition of new parties." *Id*. (quotation marks and citation omitted).

As this Court recognized in *Shah*, 324 Mich App at 204, an assignment of an insured party's right to collect PIP benefits is "an event that occur[s] after the filing of the original complaint and provide[s] the only means by which [a healthcare provider can] have standing to

maintain a direct action against [a] defendant insurer for recovery of no-fault benefits." Thus, in accordance with *Shah*, plaintiff's motion to amend its complaint should be treated as a request to file a supplemental pleading to collect PIP benefits under an assignment-of-rights theory. *Id*. (holding that the "plaintiffs' motion for leave to amend actually sought leave to file a supplemental pleading," and that courts "are not bound by a party's choice of labels because this would effectively elevate form over substance") (quotation marks and citation omitted). Absent a valid justification by defendant or the circuit court to deny plaintiff the opportunity to file a supplemental pleading, we find that a remand to the circuit court is appropriate to allow plaintiff to file a supplemental pleading under MCR 2.118(E), in accordance with the June 14, 2017 assignment of Aljubory's right to collect PIP benefits. See *id*. at 207 (stating that a circuit court's decision whether to allow a party to serve a supplemental pleading is discretionary). We stress, however, that plaintiff can only recover for losses incurred one year from the date of the assignment, not one year from the date the original complaint was filed. *Id*. at 202-205.

## V. CONCLUSION

Reversed and remanded. We do not retain jurisdiction.


/s/ Karen M. Fort Hood
/s/ David H. Sawyer