# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 22, 2020

160466

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

TAYLOR MADISON, a Minor, by her
Next Friend, LATRESE DICKENS,
          Plaintiff-Appellee,

v

AAA OF MICHIGAN,
          Defendant-Appellant.
_____/

SC: 160466
COA: 342868
Wayne CC: 17-011570-AV

On order of the Court, the application for leave to appeal the September 26, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

Plaintiff brought this suit in district court against defendant. Although plaintiff's complaint asserted a claim limited to $25,000, plaintiff presented proof of damages totaling $144,480. The jury returned a verdict in favor of plaintiff in the amount of $41,280. That verdict was reduced to the district court's jurisdictional limit of $25,000. The circuit court affirmed, but the Court of Appeals reversed, holding that the district court lacked jurisdiction given that plaintiff's damages far exceeded the district court's $25,000 jurisdictional limit. See MCL 600.8301(1) ("The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00.").

In *Hodge v State Farm Mut Auto Ins Co,* 499 Mich 211, 213 (2016), this Court held that "the allegations in the complaint establish the amount in controversy." I wrote a concurring opinion in which I agreed with the majority "that 'amount in controversy' as used in MCL 600.8301(1) refers to the 'prayer for relief set forth in the plaintiff's pleadings' " and "that a trial court may be ousted of subject-matter jurisdiction when 'fraud upon the court is apparent' from pleadings made in 'bad faith.' " *Id*. at 224 (MARKMAN, J., concurring). I wrote separately "only to identify circumstances that, in my view, might raise questions concerning 'bad faith' pleading and thereby warrant dismissal of a case for lack of jurisdiction." *Id*. I explained that "the critical inquiry in assessing bad faith is whether the plaintiff clearly intended to litigate a case inconsistent with the amount in controversy pleaded." *Id*. at 237. That is, the critical inquiry is "what type of case the plaintiff intended, *when filing his or her pleading*, to litigate." *Id*. Finally, I agreed with the majority that "because the present record does not sufficiently

reflect that plaintiff's allegations were made in bad faith, because 'defendant made no allegation of bad faith in the pleadings,' and because 'there has been no finding of bad faith by the district court,' I believe that this Court currently lacks a basis to conclude that plaintiff pleaded in bad faith." *Id*. at 227 n 2 (citation omitted).

In the instant case, this Court, relying on *Hodge*, reversed the Court of Appeals, reinstated the judgment entered in the district court, and remanded to the district court for further proceedings. On remand, defendant filed a motion for relief from judgment arguing that the district court lacked subject-matter jurisdiction because plaintiff's counsel acted in bad faith by alleging an amount of damages in the complaint that he knew would be exceeded by the proofs. The district court found that plaintiff's attorney had acted in bad faith and dismissed the case. The circuit court reversed, concluding that the law-of-the-case doctrine barred the district court from overruling this Court's ruling regarding subject-matter jurisdiction. The Court of Appeals affirmed, not because of the law-of-the-case doctrine, but because defendant's claim of bad faith was untimely.

The last time this case was before this Court, it was in a similar posture as *Hodge* in the sense that the record did not sufficiently reflect that plaintiff's allegations were made in bad faith, defendant had made no allegation of bad faith in the pleadings, and there had been no finding of bad faith by the district court. Now, defendant has made an allegation of bad faith in the pleadings and the district court has made a finding of bad faith. However, in my opinion, the record still does not sufficiently reflect that plaintiff's allegations were made in bad faith. Neither plaintiff nor plaintiff's trial attorney testified about why the case was filed in district court. Instead, the only additional evidence that we have is plaintiff's appellate attorney's testimony, in which he surmised that plaintiff's trial attorney probably filed in district court because he thought that he had a better chance of prevailing in the district court. However, this is mere speculation. Accordingly, I continue to believe that this Court lacks a sufficient basis to conclude that plaintiff pleaded in bad faith. Therefore, I concur in this Court's order denying leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 22, 2020



Clerk

a0415