*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT MURDOCK and CLAIRE MURDOCK,

UNPUBLISHED
June 30, 2022

Plaintiffs-Appellants,

v

No. 358530
Cheboygan Circuit Court
LC No. 21-008827-NZ

BISHOP GMC CADILLAC, INC.,

Defendant-Appellee.

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

In this action alleging violations of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, plaintiffs appeal as of right the trial court's order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant. Because the trial court resolved the case by going straight to the merits instead of addressing its subject-matter jurisdiction as a threshold issue, we reverse and remand for consideration of the trial court's subject-matter jurisdiction.

## I. FACTUAL BACKGROUND

In October 2020, plaintiffs leased a 2020 Cadillac XT4 from defendant, a new motor vehicle dealership. The lease agreement reflected that the vehicle was "new" (the available options on the form were "new" or "used"), but stated that the vehicle's odometer read 3,021 miles. The lease made clear that the "agreed upon value" of the vehicle was $44,010. Plaintiffs owed $7,048 at signing, but received a credit of $3,400 because of the accrued miles on the vehicle. Therefore, plaintiffs paid $3,648 in cash at signing. The monthly payment under the lease was $391.91, and the vehicle's residual value at the end of the 39-month lease was identified on the lease agreement as $25,137.

In December 2020, plaintiffs discovered that the vehicle was involved in an accident before they leased it. That news did not go over well. The next month, plaintiffs filed a complaint in Cheboygan County Circuit Court alleging that defendant violated MCL 445.902(1)(d) of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, when it offered the vehicle as new and when it did not disclose the accident. After answering the complaint, defendant moved for summary disposition under MCR 2.116(C)(4) and (C)(10). Defendant contended in passing that

-1-

Michigan law did not require it to disclose the accident and that the vehicle was not held out as new. But the focus of defendant's motion for summary disposition was that the circuit court lacked subject-matter jurisdiction because "the damages do not exceed $25,000.00." After a hearing, the trial court granted the motion under MCR 2.116(C)(10), concluding that the record was undisputed that the vehicle was "new" at the time the lease was signed and that, under Michigan law, defendant was not required to disclose the accident. Plaintiffs now appeal the trial court's ruling.

## II. LEGAL ANALYSIS

Plaintiffs argue that the trial court's two reasons for awarding summary disposition under MCR 2.116(C)(10) to defendant were erroneous. Without evaluating the merits of the parties' arguments or the trial court's decision, we reverse because the trial court did not first determine that it had subject-matter jurisdiction over plaintiffs' claims before rendering a decision on the merits. Defendant moved for summary disposition under MCR 2.116(C)(4) (subject-matter jurisdiction) and (10) (no genuine issue of material fact). A grant or denial of summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(4) is warranted when "[t]he court lacks jurisdiction of the subject matter." "A trial court is duty-bound to recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *The Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017). Jurisdictional issues are threshold questions that must be addressed before a trial court may reach the merits of a claim. See *Barshaw v Allegheny Performance Plastics, LLC*, 334 Mich App 741, 752; 965 NW2d 729 (2020). "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." *City of Southfield v Shefa, LLC*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 350885), slip op at 8, citing MCL 600.605. By virtue of MCL 600.8301(1), the district courts possess "exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." Accordingly, if the amount in controversy in this case did not exceed $25,000, the trial court was required to dismiss the complaint and was not permitted to render a determination on the merits.

Plaintiffs' complaint alleged that "[t]he amount in controversy exceeds the District Court jurisdiction limit of $25,000[,]" but defendant's answer stated that "Defendant neither admits nor denies the amount in controversy exceeds the jurisdiction of the District Court and leaves the Plaintiff's [sic] to their proofs." Generally, "the pleadings determine the amount in controversy for purposes of the court's subject-matter jurisdiction." *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 213; 884 NW2d 238 (2016). Therefore, "absent a finding of bad faith," subject-matter jurisdiction is "determined based on the amount alleged in the pleadings." *Id.* at 221-222. But in moving for summary disposition, defendant stated at the outset of its motion that relief under MCR 2.116(C)(4) should be granted because "the damages do not exceed $25,000.00." And in the brief in support of the motion, defendant argued that the bulk of the damages, i.e., $25,137, "is the price to purchase the vehicle at the end of the lease which is an option at the Plaintiff's discretion[,]" but "[t]he Plaintiff has not exercised the option nor has the Plaintiff legally bound himself to purchase the car[,]" so that component to damages is purely illusory. Defendant's brief closed by asserting "[t]hat this complaint does not exceed $25,000 and therefore [the case is] not appropriate in this court which requires $25,000 in damages[.]" In other words, defendant plainly presented a direct

challenge to the trial court's subject-matter jurisdiction, strongly suggesting that the complaint was filed in bad faith in circuit court, rather than in district court. The trial court, therefore, was bound to address that threshold challenge to its subject-matter jurisdiction under MCR 2.116(C)(4) before resolving the merits of the dispute. In doing so, the trial court must consider documentary evidence beyond the pleadings to determine whether the amount in controversy could exceed $25,000. See *Meisner Law Group*, 321 Mich App at 717-718. We express no opinion at this time, and none should be implied, about the factual merits of defendant's motion for summary disposition under MCR 2.116(C)(4). With these directions, we remand the case for consideration of that threshold issue as a necessary prelude to any decision on the merits.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates