*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHIRLEY PORTER,

Plaintiff-Appellee,

UNPUBLISHED
January 12, 2023

v

HARTMAN AND TYNER, INC., and FAIRLANE
APARTMENTS,

Defendants-Appellants.

No. 359307
Wayne Circuit Court
LC No. 21-001876-NO

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

In this interlocutory appeal, defendants, Hartman and Tyner, Inc. and Fairlane Apartments, appeal by leave granted[1] the trial court's order denying their motion for summary disposition. For the reasons set forth in this opinion, we reverse and remand.

## I. FACTS

In this personal injury action, plaintiff alleges that, on or about February 17, 2018, she was injured when she tripped and fell on defective pavement while on defendants' property. Plaintiff alleges that defendants owed her a duty to inspect the areas where she fell to prevent the risk of unreasonable harm, that defendants breached that duty, and as a direct and proximate cause of defendants' breach of duty, plaintiff sustained damages. Plaintiff initiated this lawsuit against defendants in the circuit court, alleging that the value of her claim was in excess of $25,000.

Before filing her complaint in this matter, however, plaintiff declared bankruptcy. During the bankruptcy proceedings, plaintiff asserted in multiple documents and under oath that the value

---

[1] *Porter v Hartman and Tyner, Inc.*, unpublished order of the Court of Appeals, entered February 4, 2022 (Docket No. 359307).

-1-

of her personal injury claim was $2,000, and thus was property exempt from her creditors' reach under 11 USC 522(d)(5).

Defendants moved for summary disposition in this action under MCR 2.116(C)(4), asserting that the circuit court lacked subject matter jurisdiction. Defendants argued that plaintiff represented to the bankruptcy court that the value of her personal injury lawsuit was that of her medical expenses only and repeatedly represented that the value of the claim was $2,000. According to the docket sheet attached to defendants' motion for summary disposition, a Chapter 7 Trustee's Report completed during plaintiff's bankruptcy proceedings indicated that the bankruptcy trustee recommended that plaintiff's claims were to be discharged without payment, and impliedly included the $2,000 value of this claim under the umbrella of exempt property. The bankruptcy court later granted plaintiff a discharge.[2] Defendants contended that because plaintiff obtained bankruptcy relief as a result of her representations regarding the value of the claim, she was estopped from representing the claim as valued at over $25,000 in this lawsuit. Defendants argued that the trial court therefore lacked subject matter jurisdiction over plaintiff's claim because under MCL 600.8301(1), district courts in Michigan have exclusive jurisdiction in civil actions involving less than $25,000 in damages.

Plaintiff did not respond to the motion, and her counsel withdrew from representing her, explaining to the court that "[p]laintiff filed bankruptcy and never notified Plaintiff's counsel that she claimed her case was worth only $2,000 in Federal bankruptcy filings, which will now adversely impact this case." Plaintiff's counsel further indicated that plaintiff had not answered counsel's telephone calls. The circuit court denied defendants' motion for summary disposition without hearing and without explanation by signing a praecipe order. The circuit court likewise denied defendants' motion for reconsideration without explanation. Defendants now appeal.

## II. DISCUSSION

Defendants contend that the circuit court lacks subject matter jurisdiction in this matter because plaintiff is judicially estopped from asserting that her claim is valued at more than $25,000, given that she represented to a bankruptcy court that the value of the claim was $2,000. Defendants also argue that the trial court erred by denying their unopposed motion for summary disposition without a hearing and without providing an explanation for its denial.

We review de novo a trial court's grant or denial of a motion for summary disposition under MCR 2.116(C)(4), which tests the trial court's subject matter jurisdiction. *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020). "A trial court is duty-bound to recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017). A motion under MCR 2.116(C)(4) may be supported or opposed by affidavits, depositions, admissions, or other documentary evidence. *Id*. When reviewing a motion under MCR 2.116(C)(4), we determine whether the pleadings demonstrate that

---

[2] A copy of the bankruptcy court's order discharging plaintiff was not included in the lower court file in this matter.

the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. *McKenzie*, 332 Mich App at 296.

"Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (quotation marks and citations omitted). "The purpose of the doctrine of judicial estoppel, especially in the context of bankruptcy proceedings, is to protect the judicial process, not the parties." *Id*. at 489. Under the "prior success" model of judicial estoppel, "a party who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." *Paschke v Retool Indus*, 445 Mich 502, 509; 519 NW2d 441 (1994) (quotation marks, citation, and emphasis omitted). The claims must be wholly inconsistent, however, and "the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true." *Id*. at 510.

This Court in *Spohn* considered the test for judicial estoppel applied by federal courts in the context of bankruptcy proceedings,[3] as follows:

> [T]o support a finding of judicial estoppel, [a reviewing court] must find that: (1) [the plaintiff] assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence. In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, [the reviewing] court considers whether: (1) [the plaintiff] lacked knowledge of the factual basis of the undisclosed claims; (2) [the plaintiff] had a motive for concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, [the reviewing court] will look, in particular, at [the plaintiff's] "attempts" to advise the bankruptcy court of [the plaintiff's] omitted claim. [*Id*. at 480-481 (citation omitted; alterations in original).]

Under the federal test, the plaintiff in the subsequent proceeding must have assumed a position contrary to the position asserted under oath in the bankruptcy proceedings. *Id*. at 480-481. In this case, there is no doubt that plaintiff has taken a position that is contrary to her position in the earlier bankruptcy proceedings. In her bankruptcy case, plaintiff asserted in multiple documents that the value of her personal injury lawsuit was $2,000. Based upon her assertions, plaintiff was granted a discharge in the bankruptcy proceedings, and a final decree in the

---

[3] This Court in *Spohn* noted that "[a]lthough the decisions of lower federal courts are not binding precedents, federal decisions . . . are often persuasive." *Spohn*, 296 Mich App at 480 n 12 (quotation marks and citations omitted).

bankruptcy proceedings was issued in February 2019. Now plaintiff seeks damages in excess of $25,000, directly contrary to her position in the bankruptcy proceedings.

Next, under the federal test, the reviewing court must find that the bankruptcy court adopted the plaintiff's contrary position. *Id*. at 481. Here, plaintiff claimed during the bankruptcy proceedings $10,712 as property exempt from her creditors' reach under 11 USC 522(d),[4] which included this personal injury lawsuit which plaintiff represented to the bankruptcy court was valued at $2,000. The bankruptcy trustee's report following a meeting of creditors in plaintiff's bankruptcy action noted that $10,712 of plaintiff's assets were exempt, indicating that the trustee relied on plaintiff's valuation of plaintiff's claim in this lawsuit. In addition, the trustee[5] of plaintiff's estate reported that there was no personal property from plaintiff's estate for distribution that was above the amount that was exempt by law. The trustee reported that plaintiff's estate had been fully administered, the trustee was later discharged, and the docket sheet provided no indication that any amendments or changes were made to the trustee's report or to plaintiff's documents noting the value of this claim as $2,000 before the conclusion of the bankruptcy proceedings. The record evidence thus demonstrates that the bankruptcy court adopted plaintiff's valuation of the claim. See *Spohn*, 296 Mich App at 483.

Finally, to support a finding of judicial estoppel under the federal test, the reviewing court must find that the plaintiff's inconsistent representation did not result from mistake or inadvertence. *Spohn*, 296 Mich App at 481. In considering whether the plaintiff's assertions in the bankruptcy proceedings resulted from mistake or inadvertence, we consider whether the

---

[4] Pursuant to 11 USC 522(d)(5), exempt property may include "[t]he debtor's aggregate interest in any property, not to exceed in value $1,475 [originally '$800', adjusted effective April 1, 2022] . . . plus up to $13,950 [originally '$7,500', adjusted effective April 1, 2022] . . . of any unused amount of the exemption provided under paragraph (1) of this subsection."

[5] 11 USC 704 lists the duties of a bankruptcy trustee, and provides, in relevant part:

(a) The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

* * *

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee . . . .

plaintiff knew the factual basis of her assertion, had a motive for concealment, and whether the evidence indicates an absence of bad faith, such as whether the plaintiff attempted to advise the bankruptcy court of omitted information. See *id*. Here, at the time of the bankruptcy proceedings, plaintiff was aware of the existence of her personal injury claim and consistently represented to the bankruptcy court that the claim was valued at $2,000, thereby obtaining an exemption for the claim from the bankruptcy court. Because a valuation of only $2,000 allowed plaintiff to exempt that entire amount under 11 USC 522(d)(5), she was able to shield the value of the instant lawsuit from her creditors, providing a clear motive to value the instant lawsuit at only $2,000 in the bankruptcy proceedings.

We further conclude that the record does not indicate an absence of bad faith by plaintiff. Unlike *Spohn*, plaintiff in this case disclosed the existence of the cause of action, but concealed her disparate valuation of the claim, asserting to the bankruptcy court that the claim was valued at $2,000, gaining benefit from the bankruptcy court based upon that representation, then representing to the circuit court that the value of the claim was greater than $25,000. The substantial difference between the claimed values ($2,000 in the bankruptcy case versus an amount in excess of $25,000 in this case) strongly suggests that plaintiff sought improperly to shield the personal injury claim from her creditors in bankruptcy before seeking a far greater amount in the circuit court.

Plaintiff thus is judicially estopped from representing that the value of her claim is more than $2,000. Circuit courts are courts of general jurisdiction, with original jurisdiction to hear and determine all civil claims and remedies, but do not have jurisdiction in a matter if jurisdiction has been given exclusively to another court by constitutional provision or statute. *Meisner Law Group*, 321 Mich App at 715. MCL 600.8301 provides that "[t]he district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed [$25,000]." Although the amount in controversy generally is taken to be the amount pleaded in the complaint, if the complaint pleads the amount in controversy in bad faith, then the amount prayed for in the complaint no longer controls. *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 221 and n 31; 884 NW2d 238 (2016). Where, as here, the undisputed facts show the amount in controversy to be $2,000, the circuit court lacks subject-matter jurisdiction and defendants were entitled to summary disposition under MCR 2.116(C)(4). See *Meisner Law Group*, 321 Mich App at 714-715.

Reversed and remanded for entry of an order granting defendants' motion for summary disposition. On remand, the trial court shall determine whether to transfer this matter to the district court under MCR 2.227. Having resolved this case on the grounds of judicial estoppel, we need not address defendants' other theories of relief. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola