*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE E. MOON FUNERAL HOME and
LOYST FLETCHER, JR.,

UNPUBLISHED
March 21, 2025
9:46 AM

        Plaintiffs-Appellants,

v

No. 368617
Genesee Circuit Court
LC No. 22-118211-CZ

METROPOLITAN LIFE INSURANCE
COMPANY,

        Defendant-Appellee.

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Byron Crimes obtained a life insurance policy through his employer's life insurance plan. Defendant Metropolitan Life Insurance Company (MetLife) administered the plan, which was subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001 *et seq.* Plaintiffs Lawrence E. Moon Funeral Home (the funeral home) and Loyst Fletcher, Jr. filed this action seeking to impose a constructive trust regarding a portion of the proceeds of Crimes's life insurance policy, which plaintiffs claim they are owed for services rendered after Crimes's death. Plaintiffs appeal by right the trial court's order granting summary disposition in MetLife's favor on the basis that ERISA prohibits MetLife from distributing the proceeds to plaintiffs. We affirm the trial court's order on the alternative basis that the trial court lacked subject-matter jurisdiction to decide this dispute.

## I. BACKGROUND

Following Crimes's death, the funeral home performed funeral and burial services for Crimes, and Fletcher administered Crimes's estate. Because Crimes died without funds in his estate, plaintiffs sought payment for their services from the proceeds of Crimes's life insurance policy, administered through MetLife. Crimes's minor children are the beneficiaries of the life insurance proceeds pursuant to a beneficiary provision in the plan because Crimes never specified a beneficiary. Plaintiffs obtained a probate court order requiring MetLife to pay plaintiffs the total

-1-

amount of $14,749.20 from the life insurance proceeds. MetLife refused to pay plaintiffs, asserting that ERISA prohibited payment to anyone other than the beneficiaries.

Plaintiffs filed this action seeking to impose a constructive trust over what they claimed was their portion of the benefits. Plaintiffs did not indicate a particular dollar amount in controversy, but they admitted that they ultimately sought payment of $14,749.20, the amount specified in the probate court's order. The trial court recognized that it did not have subject-matter jurisdiction if the amount in controversy was only $14,749.20, but it did not grant summary disposition in MetLife's favor on that basis. Rather, the court determined that ERISA required MetLife to distribute the plan proceeds only to the beneficiaries and that ERISA preempted any state law or order. The court also determined that plaintiffs failed to provide proof supporting their assertion that the beneficiaries agreed to allow payments to be made to plaintiffs.

II. DISCUSSION

The question of a court's subject-matter jurisdiction may be raised at any time, even on the court's own motion, and cannot be waived. *Mich Farm Bureau v Dep't of Environment, Great Lakes, & Energy*, ___ Mich ___, ___; ___ NW2d ___ (2024) (Docket No. 165166); slip op at 22. We review de novo whether the trial court had subject-matter jurisdiction to decide a claim. *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 667; 997 NW2d 511 (2022).

"[S]ubject-matter jurisdiction is a prerequisite for a court to hear and decide a claim . . . ." *Mich Farm Bureau*, ___ Mich at ___; slip op at 22. "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. "The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." MCL 600.8301(1). The amount of money at issue for purposes of determining jurisdiction is "based on the amount alleged in the pleadings," "absent a finding of bad faith." *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 221-222; 884 NW2d 238 (2016). Bad faith in this context exists when a plaintiff's claimed damages "in the pleadings are unjustifiable because they could not be proved" to exceed the jurisdictional threshold. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 718; 909 NW2d 890 (2017) (quotation marks and citation omitted).

Further, "when determining the nature of a party's claim, a court is not bound by the labels given to the claims by a party but is instead obligated to look beyond the labels and determine the exact nature of the claim." *Zelasko v Charter Twp of Bloomfield*, 347 Mich App 141, 159; 14 NW3d 441 (2023). A plaintiff cannot avoid the dismissal of a claim "through artful pleading." *Id*. (quotation marks and citation omitted).

Plaintiffs filed their complaint seeking "to impose an equitable constructive trust." However, "[a] constructive trust is not an independent cause of action; rather, it is an equitable remedy." *Coalition Protecting Auto No-Fault v Mich Catastrophic Claims Ass'n*, 305 Mich App 301, 325; 852 NW2d 229 (2014), vacated in part on other grounds 498 Mich 896 (2015). "A court may impose a constructive trust when necessary to do equity or avoid unjust enrichment." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 202; 729 NW2d 898 (2006). Reviewing the

substance of plaintiffs' complaint along with the evidence and plaintiffs' clarifying statements in their motion for reconsideration filed in the trial court, it is clear that plaintiffs sought a constructive trust as a vehicle to obtain the $14,749.20 in life insurance proceeds. In other words, plaintiffs ultimately sought money damages, but engaged in "artful pleading" because they failed to satisfy the $25,000 circuit court jurisdictional threshold. Because the trial court lacked subject-matter jurisdiction over the dispute based on the amount in controversy, the court properly dismissed plaintiffs' complaint, albeit on different grounds. We will not reverse a trial court's order that reached the right result for the wrong reason.[1] *Forest Hills Coop v City of Ann Arbor*, 305 Mich App 572, 615; 854 NW2d 172 (2014).

Affirmed.

/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani

---

[1] This is not to suggest that we see any error in the trial court's substantive reasoning; we do not reach the merits of the issues presented in this case, and conclude only that the trial court should not have reached them either, given its lack of jurisdiction.